Filed 9/12/18

# CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re G.C., a Person Coming Under the Juvenile Court Law. | H043281 (Santa Clara County Super. Ct. No. 3-14-JV40902) |
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>G.C.,<br><br>　　　　Defendant and Appellant. | |

Appellant G.C. contends that the juvenile court erroneously failed to expressly declare her three 2014 Vehicle Code section 10851 violations to be either felonies or misdemeanors.[1]  The dispositional order for the 2014 Vehicle Code section 10851 offenses was entered on November 19, 2015.  G.C.'s notice of appeal was filed on February 1, 2016.  Since the notice of appeal was untimely as to the November 2015 dispositional order, and G.C. raises no issues as to any other orders, we dismiss her appeal.  We publish this opinion to express our disagreement with the Fourth District Court of

---

[1]　A violation of Vehicle Code section 10851 is punishable as either a felony or a misdemeanor.  (Veh. Code, § 10851, subd. (a).)  "If the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court *shall declare* the offense to be a misdemeanor or felony."  (Welf. & Instit. Code, § 702, italics added.)  A failure to make such a declaration is known as *Manzy* error.  (*In re Manzy W.* (1997) 14 Cal.4th 1199.)

Appeal's decision in *In re Ramon M.* (2009) 178 Cal.App.4th 665 (*Ramon*), which held that a failure to make an express declaration may be challenged in an appeal from a subsequent dispositional order.

## I.  Background

An October 2, 2014 petition (Petition A) alleged two violations of Vehicle Code section 10851, subdivision (a) (driving or taking a vehicle) by G.C. in September 2014 along with a Vehicle Code section 12500, subdivision (a) (driving without a license) violation.  An October 27, 2014 petition (Petition B) alleged an additional violation of Vehicle Code section 10851, subdivision (a) committed by G.C. in October 2014.

On October 28, 2014, G.C. admitted the three driving or taking a vehicle counts, and the prosecution dismissed the driving without a license count.  G.C., who admitted to being a Sureno gang member, told the probation officer that she had taken the vehicles "so she can sell their parts so she can purchase drugs and food."  The signed minute order from the October 28 jurisdictional hearing identified the counts as felonies, but it did not indicate that the court had considered whether the counts should be felonies or misdemeanors.  The court also made no oral declaration that the counts should be felonies or misdemeanors.

A third petition (Petition C) was filed on November 14, 2014, and it alleged a single count of misdemeanor vandalism (Pen. Code, § 594).  On November 19, G.C. admitted the vandalism allegation.  On February 13, 2015, a fourth petition (Petition D) was filed alleging a single count of felony vandalism.  On February 19, Petition D was amended to add a misdemeanor petty theft (Pen. Code, §§ 484, 488) allegation, which G.C. admitted, and the felony count was dismissed.  The four petitions, which were all pre-disposition, were then transferred to Alameda County.

Alameda County accepted the transfer on February 27, 2015, and a disposition hearing was set for March 13.  At the March 13 hearing, G.C.'s trial counsel said she "was a little confused" about the status of the case.  "My understanding is that this was a dispo,

2

the most recent event for the ankle bracelet.  I know Probation has included restitution claims from a prior petition.  I need to research whether that was already dealt with at Santa Clara prior to the transfer for what happened, if anything.”  The court responded:  “I’m in confusion, because I thought all of these petitions were transferred in for dispo.  You’re saying that’s not the case.”  G.C.’s trial counsel responded:  “I assume the prior petitions had already been dispo’d because she was on probation, but I need to research that because the prior petitions were in October of last year.  She had been released on GPS.  It’s a little confusing to me.  It was my impression that it was just the most recent misdemeanor . . . .”

The colloquy continued:  “THE COURT:  I’m looking at the minute order dated February 19th of 2015.  It says the matter is transferred to Alameda County for disposition, further proceedings for all four petitions -- A, B, C and D.  I think that’s where Probation -- [¶]  MS. PORTNOW [G.C.’s trial counsel]:  It just seems strange to me that she wouldn’t have been dispo’d for the other events.  The only thing I’m asking --”  The court said:  “Even if she’s already dispo’d on the others, Ms. Portnow, this would be her fourth finding.”

After a bit more discussion, the court stated:  “All right.  Let’s assume that that’s the case.  It is four findings in a period of five months. . . . It’s going to have to be a three-C order, and I have to start all over because I have no idea what probation conditions are from Santa Clara County.  So I am going to impose all new conditions.”  The court seemed to accept G.C.’s counsel’s understanding that only the most recent petition was before the court for disposition.  “I don’t know much about her since she was transferred over here *on this last petition . . . .*”  (Italics added.)  “Pursuant to 726 (a) (2) of the Welfare and Institutions Code, the Court finds that [G.C.], *a ward of the court*, *has been tried on*

3

*probation* in the custody of her mother, [A.C.], and has failed to reform."[2] (Italics added.) "*The current probation order* is set aside with the exception of wardship and any financial obligations. [G.C.] will be declared a ward of the Court and committed to the care, custody and control of the probation officer with the minor to be removed from the home of her mother . . . ."[3] (Italics added.) "Credit for time served is 111 days. The Court sets the maximum custody time at four years, six months."

At some point prior to July 2015, G.C. and her mother moved from Alameda County to Santa Clara County. In July 2015, G.C. admitted a July 2015 petition in Santa Cruz County that alleged a single misdemeanor count of possession of burglary tools (Pen. Code, § 466). The Santa Cruz court transferred the matter to Alameda County for disposition. In September 2015, G.C. appeared before the Alameda County court for disposition on the Santa Cruz petition. The Alameda court continued her as a ward and ordered that she remain on probation with essentially the same terms and conditions. On October 30, a Welfare and Institutions Code section 777 supplemental petition was filed alleging that G.C. had violated her probation. On November 9, G.C. admitted the allegation in the Welfare and Institutions Code section 777 petition, and the case was transferred back to Santa Clara County.

On November 19, 2015, Santa Clara County accepted the transfer, detained G.C., and initially stated that it was ordering that "[o]n the A through D petitions" G.C. "will continue . . . as a ward in Santa Clara County." The court officer interrupted the court and explained that this "was a mistake" because G.C. needed "to be adjudged a ward of the Court, not continued" because she had not had a dispositional hearing in Santa Clara

---

[2]     G.C. had not yet been declared a ward of the court and was not on probation because no disposition hearings had yet been held.

[3]     However, the court ordered that "[t]he minor is released to mother on GPS monitoring."

County.  This colloquy occurred:  "THE COURT:  Um, she's not a ward now?  [¶] COURT OFFICER:  In our county, not yet.  [¶]  THE COURT:  Well, has she had a disposition hearing on A through D?  [¶]  COURT OFFICER:  No, Your Honor.  We transferred her case out to Alameda County.  [¶]  THE COURT:  And they didn't take a disposition hearing?  They sent it back?  [¶]  COURT OFFICER:  They did adjudge her a ward of the Court over there.  [¶]  THE COURT:  So she is a ward of the Court.  [¶] COURT OFFICER:  In Alameda County.  [¶]  THE COURT:  Okay.  [¶]  COURT OFFICER:  So line No. 1 we just would like to amend it to be adjudged a ward of the Court instead of continue.  [¶]  THE COURT:  In A through D?  [¶]  COURT OFFICER:  Yes, sir.  [¶]  THE COURT:  Okay.  I see.  I will do that.  [¶]  But we need to have a disposition hearing on E; is that correct?  [¶]  COURT OFFICER:  Yes, Your Honor."  The court's signed minute order stated:  "Minor is adjudged a ward of the juvenile court in and for the County of Santa Clara" and incorporated the Alameda County probation orders as "ORDERS OF THE COURT."

On December 30, 2015, the court "continued" G.C. "as a ward of the court" for the Welfare and Institutions Code section 777 petition but deferred the issue of whether to impose contested gang and electronic search conditions for a contested hearing.  At the January 26, 2016 contested hearing, the court asked:  "Let me ask one brief question right up front.  Is the minor on probation . . . for her other matters?  Or her earlier matters?"  The probation officer responded:  "Yes."  The court ultimately modified and imposed gang and electronic search conditions.  On February 1, 2016, G.C. filed a notice of appeal that stated she was challenging the January 2016 dispositional order.

## II.  Analysis

G.C.'s sole contention on appeal is that the juvenile court erred in failing to expressly declare that her Vehicle Code section 10851 offenses were either felonies or

misdemeanors. However, we cannot address this issue because, as G.C. admits, she did not appeal from the dispositional order on these offenses.

An appeal in a juvenile case must be filed within 60 days of an order. (Cal. Rules of Court, rule 8.406.) G.C.'s February 1, 2016 notice of appeal was filed well beyond 60 days after the court's November 19, 2015 dispositional order on Petitions A and B.[4] G.C. contends that her appeal is "not time-barred" because the court's error was "'tantamount to an unauthorized sentence.'" She relies on the Fourth District's decision in *Ramon*, while the Attorney General argues that the Fourth District reached an inaccurate conclusion in *Ramon*.

We decline to follow the Fourth District's decision in *Ramon*. Ramon timely appealed from a 2008 dispositional order requiring him to serve a year in county jail. (*Ramon*, *supra*, 178 Cal.App.4th at p. 670.) He argued that the 2008 dispositional order should have allowed him to serve his commitment in a juvenile facility, rather than in jail. (*Ramon*, at p. 668.) Ramon also claimed in his 2008 appeal that "as to prior adjudications, the court failed to declare on the record whether the offenses were felonies or misdemeanors." (*Ramon*, at p. 668.) The dispositional order for two of the three "prior adjudications" in question had been entered in October 2005. (*Ramon*, at pp. 668, 675.) It was unclear when the dispositional order for the third offense had been entered except that it was sometime between the October 2005 dispositional order and the June 2008 dispositional order. (*Ramon*, *supra*, 178 Cal.App.4th at p. 675.)

The Attorney General contended that Ramon was precluded from challenging the dispositional orders for those three prior adjudications because he had not filed a timely

---

[4] We note that G.C. is under the mistaken impression that the dispositional order on these offenses, which were alleged in Petitions A and B, was entered on March 13, 2015 in Alameda County. In fact, the only dispositional order on Petitions A and B was entered on November 19, 2015 in Santa Clara County. The difference is immaterial in this case as both of these orders occurred more than 60 days before G.C. filed her notice of appeal.

notice of appeal from those orders. The Fourth District rejected the Attorney General's argument in a single paragraph. "Respondent argues this claim should be time-barred, noting that Ramon failed to file a notice of appeal within 60 days as required by the California Rules of Court, rule 8.400(d). Ramon argues that a dispositional order that fails to state whether the offense is a felony or a misdemeanor is tantamount to an unauthorized sentence. (*In re Ricky H.* (1981) 30 Cal.3d 176, 191 [178 Cal.Rptr. 324, 636 P.2d 13], superseded by statute on other grounds as noted in *In re Michael D.* (1987) 188 Cal.App.3d 1392, 1396 [234 Cal.Rptr. 103].) Given the California Supreme Court's recent ruling on the use of juvenile adjudications as strikes, we feel that Ramon has the better argument on this point. (*People v. Nguyen* (2009) 46 Cal.4th 1007 [95 Cal.Rptr.3d 615, 209 P.3d 946].)" (*Ramon*, at p. 675.)

We disagree with the Fourth District's decision in *Ramon*. The California Supreme Court's decision in *In re Ricky H.* (1981) 30 Cal.3d 176 (*Ricky*) had nothing to do with the jurisdictional requirement that an appellant file a timely notice of appeal. Ricky was challenging a December 1978 dispositional order committing him to the California Youth Authority (CYA). (*Ricky* at p. 180.) He claimed that the juvenile court had abused its discretion in committing him to the CYA and had not granted him the correct amount of credit against his CYA term. (*Ricky*, at pp. 182, 184-185.) After addressing Ricky's contentions, the court addressed "several deficiencies in the superior court's dispositional order, not raised by either party, which have become apparent to this court during its review of this case." (*Ricky* at pp. 190-191.) One of these "deficiencies" was the juvenile court's failure to expressly declare that Ricky's assault offense was a felony or a misdemeanor. (*Ricky* at p. 191.) The court remanded the case to the juvenile court for the court to make the requisite declaration. (*Ricky*, at p. 192.)

The passage in the *Ricky* opinion relied upon by the Fourth District and G.C. did not concern the express declaration issue at all. The juvenile court in *Ricky* had erroneously set Ricky's maximum term at three years rather than four years. (*Ricky*, *supra*, 30 Cal.3d at

7

p. 191.)  The California Supreme Court pointed out this error and then stated:  "Authority exists for an appellate court to correct a sentence that is not authorized by law whenever the error comes to the attention of the court, even if the correction creates the possibility of a more severe punishment."  (*Ricky*, at p. 191.)  It remanded the case with directions to correct the maximum term error.  (*Ricky*, at p. 192.)

The "unauthorized sentence" rule referenced in *Ricky* has nothing to do with an untimely notice of appeal.  The "unauthorized sentence" rule generally permits a defendant to "challenge an unauthorized sentence on appeal *even if they failed to object below . . . .*" (*People v. Hester* (2000) 22 Cal.4th 290, 295 (*Hester*); see also *People v. Scott* (1994) 9 Cal.4th 331, 354 ["the 'unauthorized sentence' concept constitutes a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal."].)  That rule is an exception to the *waiver doctrine* (*Hester*, at p. 295), not to the *jurisdictional* requirement of a timely notice of appeal.

The Fourth District's reliance on *People v. Nguyen* (2009) 46 Cal.4th 1007 (*Nguyen*) was misplaced.  In *Nguyen*, the California Supreme Court rejected an adult criminal defendant's claim that a prior juvenile adjudication for a serious felony could not be used in a subsequent adult proceeding to enhance his sentence because there had been no right to a jury trial in the juvenile proceedings.  (*Nguyen*, at pp. 1014-1015.)  *Nguyen* did not concern the timeliness of a notice of appeal.

The California Supreme Court has "steadfastly adhered to the fundamental precept that the timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction."  (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 670.)  Because G.C. failed to file a timely notice of appeal from the dispositional order that she now seeks to challenge, we lack appellate jurisdiction over that order.  As her appeal does not raise any issues concerning the January 2016 order that she timely appealed, we dismiss her appeal.

## III. Disposition

The appeal is dismissed.

_____

Mihara, J.

I CONCUR:

_____

Elia, J.

In re G.C.
H043281

10

Greenwood, P.J., dissenting

I respectfully dissent. The majority dismisses the appeal on the ground that G.C. failed to file a timely notice of appeal from the failure to designate two offenses as misdemeanors or felonies under Welfare and Institutions Code section 702 (Section 702). But G.C. filed her notice of appeal on February 1, 2016—within the 60-day filing deadline for appeals from the juvenile court's orders of December 7, 2015, December 17, 2015, December 30, 2015, and January 26, 2016. Her notice of appeal cites the last of these orders. I would conclude she timely appealed because the juvenile court had an ongoing obligation to determine whether her prior offenses were misdemeanors or felonies.

G.C.'s appeal is based on *In re Manzy W.* (1997) 14 Cal.4th 1199 (*Manzy*), in which our Supreme Court held that the requirement under Section 702 that the juvenile court explicitly designate "wobbler" offenses as misdemeanors or felonies is mandatory. "The language of [Section 702] is unambiguous. It requires an explicit declaration by the juvenile court whether an offense would be a felony or misdemeanor in the case of an adult." (*Id.* at p. 1204.) "The requirement is obligatory: '[S]ection 702 means what it says and mandates the juvenile court to declare the offense a felony or misdemeanor.' [Citations.]" (*Ibid.*) When challenged on appeal, a juvenile court's failure to adhere to this mandate requires "remand of this matter for strict compliance." (*Ibid.*)

The Supreme Court based its decision on its recognition that Section 702 provides equal protection to youthful offenders by ensuring that a minor not be held "in physical confinement longer than an adult convicted of the same offense." (*Manzy*, *supra*, 14 Cal.4th at p. 1205.) The court noted that a juvenile court may be required to determine the "maximum term of imprisonment when it order[s] physical confinement on multiple counts to be imposed consecutively or, in the case of repeat offenders, aggregate[s] the period of physical confinement for present and prior offenses." (*Id.* at p. 1206.)

In articulating this rule, the Supreme Court was looking not only to the minor's current adjudication, but to future adjudications as well. "[Section 702] serves the

collateral administrative purpose of providing a record from which the maximum term of physical confinement for an offense can be determined, *particularly in the event of future adjudications.*" (*Manzy, supra,* 14 Cal.4th at p. 1205, italics added.) "The requirement of a declaration by the juvenile court whether an offense is a felony or misdemeanor was thus directed, in large part, at facilitating the determination of the limits on any present or future commitment to physical confinement for a so-called 'wobbler' offense." (*Id.* at p. 1206.) "But the purpose of the statute is not solely administrative. [. . .] [T]he requirement that the juvenile court declare whether a so-called 'wobbler' offense was a misdemeanor or felony also serves the purpose of ensuring that the juvenile court is aware of, and actually exercises, its discretion under [S]ection 702. For this reason, it cannot be deemed merely 'directory.' " (*Id.* at p. 1207.)

When a minor is a repeat offender, the juvenile court often aggregates prior and current offenses to determine the maximum period of confinement for that youth under section 726. If the prior court errs by failing to designate a "wobbler" offense as a misdemeanor or felony under Section 702, the current juvenile court can easily incorporate that error, with the result that the minor can be confined beyond the lawful term of confinement. It follows that the juvenile court has an ongoing duty to consider, when adjudicating later petitions, whether the court in prior adjudications exercised its discretion to determine the "wobbler" offenses as misdemeanors or felonies. While G.C did not serve a term of excess confinement, the rule set forth by the majority would preclude a court of review from correcting such an order for other youths by dismissing such appeals. I do not believe this avenue of appeal from the unlawful incarceration of juveniles should be eliminated.

Accordingly, I would conclude the juvenile court's ongoing failure to adhere to Section 702 constituted an abuse of discretion and resulted in unauthorized orders with respect to the subsequent disposition of G.C.'s case. (See *In re Ricky H.* (1981) 30 Cal.3d 176, 191; *In re Ramon M.* (2009) 178 Cal.App.4th 665, 675.) I would further conclude

2

G.C. timely appealed from the last of these orders.  For these reasons, I respectfully dissent.

_____

Greenwood, P.J.

Trial Court:                                  Santa Clara County Superior Court

Trial Judge:                                  Honorable Kenneth L. Shapero

Attorney for Defendant and Appellant:         Sidney Sue Hollar
                                              Under Appointment by the Sixth District
                                              Appellate Program

Attorneys for Plaintiff and Respondent:       Xavier Becerra
                                              Attorney General of California

                                              Gerald A. Engler
                                              Chief Assistant Attorney General

                                              Jeffrey M. Laurence
                                              Senior Assistant Attorney General

                                              Donna M. Provenzano
                                              Supervising Deputy Attorney General

                                              Victoria Ratnikova
                                              Deputy Attorney General

In re G.C.
H043281