# IN THE SUPREME COURT OF CALIFORNIA

In re G.C., a Person Coming Under the Juvenile Court Law.

---

THE PEOPLE,

Plaintiff and Respondent,

v.

G.C.,

Defendant and Appellant.

S252057

Sixth Appellate District
H043281

Santa Clara County Superior Court
3-14-JV40902

---

February 20, 2020

Justice Corrigan authored the opinion of the Court, in which Chief Justice Cantil-Sakauye and Justices Chin, Liu, Cuéllar, Kruger, and Groban concurred.

---

In re G.C.

S252057


Opinion of the Court by Corrigan, J.

When a minor is found to have committed a so-called "wobbler" offense,[1] the juvenile court "shall declare the offense to be a misdemeanor or felony." (Welf. & Inst. Code, § 702.)[2] The question here is whether G.C. may challenge the court's neglect of this mandatory duty in an appeal from a later dispositional order after the time to appeal the original disposition expired. Under the current procedural posture, she may not. The court's omission was part of the original dispositional order which became final and binding once that order was not appealed. G.C.'s failure to timely appeal deprived the appellate court of jurisdiction. There was no ongoing duty to correct the error in a later proceeding to modify placement under section 777, so as to create a cognizable error in that subsequent disposition. Although section 702 is mandatory, noncompliance did not make the original dispositional order an unauthorized sentence that could be corrected at any time.[3] The appellate court correctly dismissed the appeal.

---

[1] A wobbler is a crime that can be punished as either a felony or a misdemeanor. (See *People v. Park* (2013) 56 Cal.4th 782, 789; Pen. Code, § 17, subd. (b).)

[2] Further unspecified statutory references are to the Welfare and Institutions Code.

[3] Although "juvenile proceedings do not literally result in 'convictions' and juvenile confinements are not 'sentences' . . . ." (*In re Jovan B.* (1993) 6 Cal.4th 801, 812), we have nonetheless

# I. BACKGROUND

In 2014, two separate wardship petitions[4] were filed against G.C. in Santa Clara County (Santa Clara; petitions A and B). They alleged three violations of Vehicle Code section 10851, subdivision (a), for unlawfully driving or taking a vehicle (auto theft). These offenses are wobblers. (*Ibid.*) G.C. admitted all three allegations, which the court found true. G.C. told a probation officer that she belonged to Kollmar Vagos Trece, a Sureño gang, and stole the vehicles to sell their parts to buy drugs.

The minute order described the offenses as felonies, as they had been charged. However, the court did not declare on the record whether they were felonies or misdemeanors, as section 702 requires. A separate box on the minute order, noting that the court had considered the question, was left unchecked.[5] After the jurisdictional hearing, G.C. and her mother moved to Hayward. The two petitions, along with two others later admitted,[6] were transferred to Alameda County (Alameda) for disposition.

The Alameda court accepted the transfer and held a dispositional hearing on March 13, 2015. There was some

---

applied the unauthorized sentence doctrine in this context (see *In re Sheena K.* (2007) 40 Cal.4th 875, 880–881).

[4]     Section 602, subdivision (a).

[5]     The record discloses no agreement between the prosecution and the defense that would preclude the court's exercise of discretion.

[6]     The two subsequent misdemeanor petitions included allegations of  throwing away her electronic monitoring transmitter (ankle bracelet) and vandalizing a police car with the legend "Fuck the Pigs" and gang references.

confusion whether the case was before the court for disposition on all petitions or just the most recent one. The resulting order was also less than precise as to which petitions it encompassed. The court adjudged G.C. a ward, placed her on probation, removed her from her mother's custody, and set the maximum term of confinement at four years six months. The court did not declare whether the offenses in petitions A and B were misdemeanors or felonies, but the maximum term of confinement reflected a felony treatment. G.C. did not appeal the disposition, and eventually returned to her mother's custody.

In October 2015 a section 777 notice to modify disposition was filed in Alameda alleging that G.C. ran away from home, violating the terms of her probation. G.C. admitted the allegation, and the matter was transferred to Santa Clara where she and her mother had relocated. The transfer was accepted. At a hearing on November 19, 2015, there was some confusion about whether G.C. had been declared a ward on petitions A and B. The court initially stated that it would "continue" G.C. as a ward in those matters, but in an abundance of caution, declared her to be so, and incorporated all probation orders from Alameda as orders of its own. Again, the court did not state on the record whether the offenses in petitions A and B were misdemeanors or felonies.

A section 777 dispositional hearing was held on December 30, 2015, and January 26, 2016. The court maintained G.C. in her mother's custody under the supervision of the probation department, with various terms and conditions. On February 1, 2016, G.C. filed a notice of appeal from the Santa Clara dispositional order challenging "Gang Probation Conditions and

Electronic Search Conditions (of minor's cellphone, computer, and social media sites)."

On appeal, G.C. argued that the Alameda court failed to expressly declare whether the offenses in petitions A and B were misdemeanors or felonies. A majority of the court concluded that the issue was not timely raised because G.C. failed to appeal from the dispositional order on these offenses. (*In re G.C.* (2018) 27 Cal.App.5th 110, 114.) The majority rejected G.C.'s argument that the court's error was " ' "tantamount to an unauthorized sentence" ' " (*id.* at p. 115) that could be raised at any time (*id.* at p. 116). It expressly disagreed with the contrary decision in *In re Ramon M.* (2009) 178 Cal.App.4th 665 (*Ramon M.*). (*In re G.C.*, at pp. 112, 115–116.) Having no cognizable issues before it, the court dismissed G.C.'s appeal. (*Id.* at p. 117.) The dissenting justice would have held that G.C. was properly before the court on a timely appeal from the section 777 dispositional order. (*In re G.C.*, at p. 117 (dis. opn. of Greenwood, P. J.).) The dissent reasoned that "the juvenile court's ongoing failure to adhere to Section 702 constituted an abuse of discretion and resulted in unauthorized orders with respect to the subsequent disposition of G.C.'s case." (*Id.* at p. 118.)

We granted review to resolve the conflict among the Courts of Appeal.

## II. DISCUSSION

The Welfare and Institutions Code incorporates the Penal Code's determinate sentencing scheme to set a minor's maximum term of confinement. (See § 726, subd. (d)(1)–(4); *In re Jovan B., supra,* 6 Cal.4th at pp. 816–819; *In re E.G.* (2016) 6 Cal.App.5th 871, 881.) In the context of wobblers, section 702

provides: "If the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." This declaration must be made at or before disposition. (*In re E.G.*, at p. 881, fn. 9; Cal. Rules of Court, rules 5.790(a)(1), 5.795(a); see *In re Manzy W.* (1997) 14 Cal.4th 1199, 1206–1207 (*Manzy W.*).) Section 702's purpose is twofold. First, it helps determine the length of any present or future confinement for a wobbler offense. (*Manzy W.*, at p. 1206.) Second, it "ensur[es] that the juvenile court is aware of, and actually exercises, its discretion under . . . section 702." (*Id.* at p. 1207.)

The parties agree that neither court made the section 702 declaration. It is well established that section 702's requirement is "obligatory" rather than "merely 'directory' " (*Manzy W.*, *supra*, 14 Cal.4th at pp. 1204, 1207) and requires an explicit declaration (*id.* at p. 1204). It is not sufficient that the offenses were identified as felonies in the wardship petitions and in the minute order of the jurisdictional hearing, or that they were treated as felonies for purposes of calculating the maximum term of confinement. (*Manzy W.*, at pp. 1207–1208; *In re Ricky H.* (1981) 30 Cal.3d 176, 191 (*Ricky H.*).)

In *Manzy W.* we remanded the matter to the juvenile court to make the required discretionary finding. (*Manzy W.*, *supra*, 14 Cal.4th at p. 1211.) But in that case a timely notice of appeal had been filed. (*Id.* at pp. 1202–1203.) Here, G.C. did not timely appeal the dispositional order entered in Alameda for petitions

A and B.[7] Her claim of error is not cognizable in a later appeal from the January 26, 2016 dispositional order from Santa Clara in the section 777 proceeding.

*A. Timeliness of Appeal*

The Court of Appeal majority dismissed the appeal because G.C.'s sole challenge related to the dispositional order on petitions A and B, which was not timely appealed. G.C. counters that the appeal was timely because all petitions in a juvenile proceeding are considered one case, and a timely appeal of one petition confers jurisdiction over all petitions. She also urges that the Santa Clara court had an ongoing duty to make the section 702 declaration as part of the current disposition on appeal. The arguments fail.

A minor may appeal a judgment in a section 602 proceeding "in the same manner as any final judgment." (§ 800, subd. (a).) A dispositional order is appealable, and review on appeal encompasses the court's jurisdictional findings. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1138; *In re James J.* (1986) 187 Cal.App.3d 1339, 1342–1343; cf. *In re S.B.* (2009) 46 Cal.4th 529, 532 [discussing similar provisions of § 395, subd. (a)(1)].) We independently review the Court of Appeal's

---

[7] G.C. urges that the dispositional order on petitions A and B occurred on March 13, 2015 in Alameda. The Court of Appeal took the view that the dispositional order on those petitions occurred on November 19, 2015 in Santa Clara. (*In re G.C.*, *supra*, 27 Cal.App.5th at p. 115, fn. 4.) As the Court of Appeal observed (*ibid.*), this discrepancy is ultimately immaterial because G.C.'s notice of appeal was not filed until February 1, 2016, more than 60 days beyond the later date. (See Cal. Rules of Court, rule 8.406(a)(1).) To avoid confusion, we will refer to Alameda as the court of disposition, consistent with G.C.'s argument before us.

dismissal order. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1099–1100.)

Section 702 addresses the court's obligations as to the findings and disposition on the petition. The court must: (1) hear evidence and make a finding whether or not the minor is a person described by section 300, 601, or 602; (2) hear evidence regarding the proper disposition to be made; and (3) declare a wobbler offense as either a misdemeanor or felony. (§ 702.) The statutory language, in context, makes clear that this declaration should be made before or at the time of disposition. (*In re E.G.*, *supra*, 6 Cal.App.5th at p. 881, fn. 9; Cal. Rules of Court, rules 5.790(a)(1), 5.795(a).)[8] Here, the error was ripe for review when the Alameda court failed to make the required findings upon disposition of petitions A and B. As noted, G.C. did not timely appeal that order.

---

[8] California Rules of Court, rule 5.790(a)(1), governing findings and orders at the disposition hearing, provides: "If the court has not previously considered whether any offense is a misdemeanor or felony, the court must do so at this time and state its finding on the record. If the offense may be found to be either a felony or a misdemeanor, the court must consider which description applies and must expressly declare on the record that it has made such consideration and must state its finding as to whether the offense is a misdemeanor or a felony."

California Rules of Court, rule 5.795(a), governing required determinations at the disposition hearing, provides: "Unless determined previously, the court must find and note in the minutes the degree of the offense committed by the youth, and whether it would be a felony or a misdemeanor had it been committed by an adult. If any offense may be found to be either a felony or a misdemeanor, the court must consider which description applies and expressly declare on the record that it has made such consideration and must state its determination as to whether the offense is a misdemeanor or a felony."

"A timely notice of appeal, as a general matter, is 'essential to appellate jurisdiction.' " (*People v. Mendez, supra*, 19 Cal.4th at p. 1094.) "An untimely notice of appeal is 'wholly ineffectual: The delay cannot be waived, it cannot be cured by nunc pro tunc order, and the appellate court has no power to give relief, but must dismiss the appeal on motion or on its own motion.' [Citation.] The purpose of the requirement of a timely notice of appeal is, self-evidently, to further the finality of judgments by causing the [party] to take an appeal expeditiously or not at all." (*Ibid.*) As a consequence, " ' "an unappealed disposition or postdisposition order is final and binding and may not be attacked on an appeal from a later appealable order." ' " (*In re S.B., supra*, 46 Cal.4th at p. 532, quoting *Sara M. v. Superior Court* (2005) 36 Cal.4th 998, 1018; accord, *In re Isaiah W.* (2016) 1 Cal.5th 1, 10 (*Isaiah W.*); *In re Shaun R., supra*, 188 Cal.App.4th at p. 1138.) That well-settled law defeats G.C.'s further right to appellate review on petitions A and B.

In arguing that "[j]uvenile proceedings are all part of one case" and a timely appeal from the section 777 disposition conferred appellate jurisdiction over all petitions, G.C. fails to grapple with clear authority prohibiting a challenge to a final dispositional order through an appeal from a later order. (*In re S.B., supra*, 46 Cal.4th at p. 532.) The one case she does cite, *In re Antoine D.* (2006) 137 Cal.App.4th 1314, is inapposite. *Antoine D.* held that section 607 authorizes the juvenile court to retain jurisdiction over a ward until he or she reaches the age of 25 even if the court vacates or modifies a youth authority commitment. (*Antoine D.*, at pp. 1320–1323.) That case had nothing to do with the juvenile court's ongoing jurisdiction for purposes of filing a notice of appeal.

G.C. also argues that the Santa Clara court had an ongoing obligation to designate the level of her offenses and that its failure to do so in the context of the section 777 proceeding infected *that* disposition with an error cognizable on appeal. She looks to *Isaiah W., supra*, 1 Cal.5th 1, for support, but the statutory language at issue there differs significantly from section 702's provisions. *Isaiah W.* involved the notice requirement of the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1912(a)), codified in section 224.2. (*Isaiah W.*, at p. 5.) Under these statutes, the court must notify Indian tribes and others of an involuntary proceeding to place a child in foster care or to terminate parental rights "where the court knows or has reason to know that an Indian child is involved." (25 U.S.C. § 1912(a); accord, § 224.3, subd. (a).) The juvenile court found the notice requirements of ICWA inapplicable, removed Isaiah from his parents' care, and placed him in foster care. Isaiah's mother did not appeal the placement order but, over a year later, did file a timely notice of appeal from a subsequent order terminating her parental rights. (*Isaiah W.*, at pp. 5–6.)

We held that Isaiah's mother could challenge the finding of ICWA inapplicability in the appeal from the later order terminating parental rights. (*Isaiah W., supra*, 1 Cal.5th at p. 6.) We explained that "ICWA imposes on the juvenile court a continuing duty to inquire whether the child is an Indian child," (*ibid*), citing the then-current version of section 224.3, subdivision (a): " 'The court . . . ha[s] an *affirmative and continuing duty* to inquire whether a child for whom a petition under Section 300 . . . has been . . . filed is or may be an Indian child in all dependency proceedings and in any juvenile wardship proceedings if the child is at risk of entering foster care or is in foster care.' " (*Isaiah W.*, at p. 11, quoting former § 224.3,

subd. (a), repealed by Stats. 2018, ch. 833, § 6, italics added.)[9] Based on the plain language of the statute we concluded: "In light of this continuing duty, the . . . order terminating [the mother's] parental rights was necessarily premised on a *current* finding by the [court terminating parental rights] that it had no reason to know Isaiah was an Indian child . . . ." (*Isaiah W.*, at p. 10.) Properly understood, the mother's appeal challenged the ICWA inapplicability finding in the termination order, not the earlier removal order. (*Isaiah W.*, at p. 10)

The court's continuing duty to inquire whether Isaiah W. was an Indian child was critical to the outcome there. Section 702, by contrast, contains no such language. Outside the context of a continuing duty, *Isaiah W.* affirmed the general rule that a party "may not challenge [a] dispositional order through an appeal from [a later] order." (*Isaiah W.*, *supra*, 1 Cal.5th at p. 10.) That rule is dispositive here.

G.C. notes that the failure to clearly designate an offense could impact the maximum term of confinement in a future section 602 disposition. Under section 726, subdivision (d)(3), upon proper notice to the minor, the court "may aggregate the period of physical . . . confinement for *multiple* felony counts or petitions, including previously sustained petitions," to arrive at the maximum term of confinement. (*In re Jovan B.*, *supra*, 6 Cal.4th at p. 810; accord, *In re Michael B.* (1980) 28 Cal.3d 548, 553.) In this circumstance, "each and every criminal violation may constitute the offense which brings [the minor] under the jurisdiction of the juvenile court and may serve as a measurement for . . . physical confinement under the broad

---

[9]     The relevant language now appears in section 224.2, subdivision (a). (Stats. 2018, ch. 833, § 5.)

language of sections 726 and 731 . . . ." (*In re Aaron N.* (1977) 70 Cal.App.3d 931, 939–940; accord, *In re Bryant R.* (2003) 112 Cal.App.4th 1230, 1237.)

G.C. has not shown, however, that the Alameda court's failure had any effect on the subsequent Santa Clara disposition. G.C. appeared before the court following a section 777 notice to modify placement based on a probation violation. The disposition on petitions A and B had concluded. There is no showing that the status of the offenses as misdemeanors or felonies affected custodial time or the terms of probation ultimately imposed in the current proceeding. Nor did the aggravating provisions of section 726 apply here. "A juvenile probation violation cannot increase the maximum period of confinement for the crime *previously adjudicated under section 602*, as calculated when the ward is 'removed from the physical custody of his or her parent or guardian as the result of [a section 602] order of wardship.' (§ 726, [former] subd. (c), 1st par. [now subd. (d)(1)].) . . . [B]ecause section 777[, subdivision ](a)(2) only governs '[probation] violation[s]' that are not 'allege[d]' as crimes, proceedings under this section do not lead to a *new criminal adjudication* that might increase the maximum period of confinement." (*In re Eddie M.* (2003) 31 Cal.4th 480, 506.) Indeed, because the section 777 disposition did not remove G.C. from her mother's custody, the Santa Clara court was not called upon to specify *any* maximum term of confinement relating to that proceeding. (See § 726, subd. (d)(1) [providing that the maximum term of confinement shall be specified "[*i*]*f* the minor is removed from the physical custody of his or her parent or guardian as the result of an order of wardship made pursuant to Section 602" (italics added)]; accord, *In re A.C.* (2014) 224 Cal.App.4th 590, 591–592; *In re P.A.* (2012)

211 Cal.App.4th 23, 32; *In re Matthew A.* (2008) 165 Cal.App.4th 537, 541; *In re Ali A.* (2006) 139 Cal.App.4th 569, 572–574.) Accordingly, section 702 did not require the Santa Clara court to make a misdemeanor or felony declaration. That court was not imposing a removal order and, under *Isaiah W.*, had no obligation to revisit a prior disposition that had become final.[10]

B. *Unauthorized Sentence*

The Court of Appeal majority also rejected G.C.'s argument that the failure to comply with the mandatory provisions of section 702 creates an unauthorized sentence correctable at any time. The court reasoned: "The 'unauthorized sentence' rule generally permits . . . defendant[s] to 'challenge an unauthorized sentence on appeal *even if they failed to object below . . . .*' (*People v. Hester* (2000) 22 Cal.4th 290, 295, italics added; see also *People v. Scott* (1994) 9 Cal.4th 331, 354 . . . .) That rule is an exception to the *waiver doctrine* (*Hester*, at p. 295), not to the *jurisdictional* requirement of a timely notice of appeal." (*In re G.C.*, *supra*, 27 Cal.App.5th at p. 116.)

We agree. An unauthorized sentence " 'do[es] not become irremediable when a judgment of conviction becomes final, *even after affirmance on appeal.*' " (*In re Harris* (1993) 5 Cal.4th 813, 840, quoting *In re Winchester* (1960) 53 Cal.2d 528, 531, italics in *Harris*.) But to invoke this rule the court must have jurisdiction over the judgement. *Harris*, for example, involved

---

[10]    Because the Alameda court's failure to make the required declaration had no effect on the section 777 disposition, we are not called upon to decide the scope of a minor's appellate rights when the juvenile court's omission impacts the maximum term of confinement in a subsequent proceeding.

a writ of habeas corpus challenging the judgment of conviction giving rise to the petitioner's custody. (*Harris*, at p. 823.) Here, for the reasons we have explained, there was no correlation between the section 702 error and the current judgment on appeal. The unauthorized sentence doctrine will not serve to remedy this defect.

Moreover, the nature of the claim here does not fall within this "narrow" category of nonforfeitable error. (*People v. Scott, supra,* 9 Cal.4th at p. 354.) We have explained that an unauthorized sentence or one in excess of jurisdiction is a sentence that "could not lawfully be imposed under any circumstance in the particular case." (*Ibid*.) The appellate court may intervene in the first instance because these errors "present[] 'pure questions of law' [citation], and [are] ' "clear and correctable" independent of any factual issues presented by the record at sentencing' " and without "remanding for further findings." (*People v. Smith* (2001) 24 Cal.4th 849, 852.) The rule exists because correction of sentencing error that is evident from the record and needing no redetermination of facts does not significantly impact the state's interest in finality of judgments. (*In re Harris, supra,* 5 Cal.4th at p. 841.) "In such circumstances, an individual's interest in obtaining judicial review of an allegedly illegal sentence cannot be ignored." (*Ibid*.)

While the failure to properly designate an offense can affect the maximum term of confinement, G.C. has not shown that this omission results in a disposition that "could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott, supra,* 9 Cal.4th at p. 354.) Rather, the error here involves "the [juvenile] court's failure to properly *make* or articulate its discretionary sentencing choices." (*Scott,*

at p. 353, italics added.) "Included in this category are cases in which . . . the court purportedly erred because it . . . failed to state any reasons or give a sufficient number of valid reasons." (*Ibid.*)

*People v. Scott*, *supra*, 9 Cal.4th at pages 352–353 cited with approval *People v. Neal* (1993) 19 Cal.App.4th 1114, which held that the trial court's failure to articulate required reasons for imposing consecutive sentences does not create an unauthorized sentence that may be corrected at any time. (*Neal*, at pp. 1117, 1124.) As the court there explained: "[T]he consecutive sentences imposed in the present case were authorized specifically pursuant to section 1170.1, subdivision (a) and cannot logically be characterized as being in excess of jurisdiction. . . . 'A "defendant must demonstrate more than mere legal error or irregularities in the trial court's proceedings; he [or she] must show that the trial court exceeded its jurisdiction in some manner. [Citations.]" [Citation.] The *manner* in which the trial court here pronounced judgment constituted the only judicial error [citation]. The *sentence* itself was authorized by law. [Citations.] Consequently, the court did not exceed its jurisdiction in imposing it. [Citation.]' [Citation.] This is not a case where '. . . the judgment is *void* on the face of the record. [Citations.]' [Citation.] Accordingly, based upon existing California decisional authority, the failure to state reasons for consecutive sentencing is not a jurisdictional error." (*Id.* at pp. 1120–1121; accord, *People v. Tillman* (2000) 22 Cal.4th 300, 303 [failure to give reasons for not imposing a restitution fine did not amount to an unauthorized sentence]; *In re Travis J.* (2013) 222 Cal.App.4th 187, 201 [same regarding

error in calculating maximum term of confinement].)[11] As in *Neal*, the Alameda court had discretion to designate the offenses in petitions A and B as felonies or misdemeanors. Its failure to make an express declaration to that effect was a forfeitable legal error.

Moreover, the failure to make the required section 702 declaration is not " ' "clear and correctable" ' " in the first instance on appeal without "remanding for further findings." (*People v. Smith*, *supra*, 24 Cal.4th at p. 852.) This court cannot correct the Alameda court's omission because we are not permitted to "substitute [our] reasons for those omitted or misapplied by the [juvenile] court" or to "reweigh valid factors bearing on the decision below." (*People v. Scott*, *supra*, 9 Cal.4th at p. 355.) Instead, upon timely appeal the proper course would have been to remand the case for the Alameda court to exercise its discretion. (*Manzy W.*, *supra*, 14 Cal.4th at p. 1211; see *Scott*, at p. 355.) To achieve that result, however, the error must be timely asserted.

The authorities G.C. cites are not to the contrary. In *Manzy W.* we described the juvenile court's duty to make the express declaration as "mandatory." (*Manzy W.*, *supra*, 14 Cal.4th at p. 1204.) We did not discuss how this characterization affected the question of forfeiture because that issue was not before us. But we did make clear that the court's

---

[11] We have declined to require a timely objection to the court's failure to exercise its discretion when the law at the time of the ruling suggested the court lacked such discretion. (*People v. Fuhrman* (1997) 16 Cal.4th 930, 945.) Here, however, the juvenile court's duty to declare whether the wobbler offenses were misdemeanors or felonies was established over two decades ago in *Manzy W.*, *supra*, 14 Cal.4th at pages 1206–1207.

failure to comply did not automatically invalidate the judgment. (*Id*. at p. 1209.) Instead, "when remand would be merely redundant, failure to comply with the statute would amount to harmless error." (*Ibid*.)

*Ricky H.*, *supra*, 30 Cal.3d 176, is also distinguishable. There the minor appealed a dispositional order involving several offenses, including assault with force likely to produce great bodily injury. After addressing the minor's challenge to his California Youth Authority commitment and calculation of custody credits, we addressed "several deficiencies in the superior court's dispositional order, not raised by either party, which have become apparent to this court during its review of this case." (*Id*. at pp. 190–191.) One such error was the imposition of a three-year midterm instead of the four-year upper term on the assault offense, as required by section 726. This error resulted in an unauthorized sentence correctable at any time. However, because the lower court had not declared whether the assault offense was a misdemeanor or felony, the appropriate disposition was to "remand with directions to the superior court, rather than appellate correction." (*Ricky H.*, at p. 191.)

Ricky H.'s appeal was timely. The juvenile court's failure to comply with section 702 was part of the proceeding under review. (*Ricky H.*, *supra*, 30 Cal.3d at p. 182.) Moreover, *Ricky H.* did not hold that the section 702 error rendered a sentence unauthorized. Rather, it was the juvenile court's imposition of the midterm that was unauthorized. In order to correct apparent sentencing error, we remanded the case to allow the juvenile court to determine the character of the offense under section 702. *Ricky H.*'s. holding does not justify a remand in a subsequent appeal from a later dispositional order.

As G.C. notes, one Court of Appeal did make that inferential leap on the basis of *Ricky H.*'s holding. In *Ramon M.*, *supra*, 178 Cal.App.4th 665, the minor appealed from a 2008 dispositional order imposing a year in custody for probation violations. (*Id.* at pp. 669–670.) One of his claims was that the juvenile court had previously failed to declare whether certain "prior adjudications" were misdemeanors or felonies. (*Id.* at p. 668.) The dispositional orders for two of the prior adjudications were entered in October 2005; the third was entered sometime before the filing of the final petition, which was the subject of the appeal. (*Id.* at pp. 668–669.) The People argued that the claim was time-barred because Ramon failed to file a notice of appeal within 60 days. (*Id.* at p. 675.) The Court of Appeal disagreed, concluding instead that the failure to designate the offenses as misdemeanors or felonies resulted in an unauthorized sentence, citing *Ricky H.*, *supra*, 30 Cal.3d at page 191. (*Ramon M.*, at p. 675.) It also reasoned that potential use of juvenile adjudications to enhance sentences under the "Three Strikes" law (see *People v. Nguyen* (2009) 46 Cal.4th 1007) justified review of the issue. (*Ramon M.*, at p. 675.)

*Ramon M.*'s holding is flawed. The court failed to appreciate the two salient distinctions in *Ricky H.* noted above, namely, that *Ricky H.* concerned a timely filed appeal, and that the unauthorized sentence in that case arose from the failure to impose the upper term, not the failure to comply with section 702. *Ramon M.*'s reliance on *People v. Nguyen*, was likewise inapt. *Nguyen* held that a prior juvenile adjudication for a serious felony could be used as a strike in a subsequent adult proceeding despite the fact that there was no right to a jury trial in the juvenile proceeding. (*People v. Nguyen, supra*, 46 Cal.4th at pp. 1014–1015.) It did not raise the question of timely appeal.

Further, *Ramon M.* failed to consider the limited circumstances under which a prior conviction may be collaterally challenged outside of the context of a habeas corpus proceeding. (See *Custis v. United States* (1994) 511 U.S. 485, 493–497; *People v. Allen* (1999) 21 Cal.4th 424, 440–443.)[12] We disapprove *In re Ramon M.*, *supra*, 178 Cal.App.4th 665, to the extent it is inconsistent with this opinion.

Finally, G.C. argues that barring her challenge to the juvenile court's section 702 error would deprive her of a liberty interest in violation of the due process clause. She cites *Hicks v. Oklahoma* (1980) 447 U.S. 343, but her assertion fails.

As we explained in *People v. Gonzales* (2013) 56 Cal.4th 353: "The governing United States Supreme Court decisions establish that ' " a 'mere error of state law' is not a denial of due process." ' [Citations.] . . . [I]n *Hicks v. Oklahoma*[, *supra*,] 447 U.S. 343, the high court held that when state law creates a liberty interest in having a jury make a particular factual finding that is necessary for criminal punishment, the denial of a jury trial with respect to such a finding constitutes a violation of the federal due process clause. [Citation.] Subsequent high court cases explain, however, that *Hicks* is limited to the jury trial context and holds 'only that where state law creates for the defendant a liberty interest in having the jury make particular findings, the Due Process Clause implies that appellate findings

---

[12] Notably, G.C.'s adjudications for auto theft have no implications under the Three Strikes law. (See Pen. Code, §§ 667, subd. (d), 667.5, subd. (c), 1192.7, subd. (c).) Accordingly, we express no opinion on whether a prior conviction used to enhance a sentence may be challenged on the ground that the court failed to make the mandatory declaration of misdemeanor or felony status.

do not suffice to protect that entitlement.' [Citation.]" (*Id.* at p. 385.)

G.C. had no right to a jury trial in the present juvenile action, so the limited rule from *Hicks* does not apply. Moreover, the denial of G.C.'s claim results from the regular application of the timely filing rules. That application does not arbitrarily deprive G.C. of any statutory right. There is no due process violation under the circumstances presented here.[13]

---

[13] Although the Attorney General urges that the appeal in this case is inoperative, he maintains that G.C. may seek recourse by filing a motion in the juvenile court under the authority of section 775. That section provides: "Any order made by the court in the case of any person subject to its jurisdiction may at any time be changed, modified, or set aside, as the judge deems meet and proper, subject to such procedural requirements as are imposed by this article." (§ 775.)

According to the Attorney General, this statute gives the court authority to correct its disposition regardless of finality. However, G.C. did not file such a motion in the trial court and disclaims any reliance on section 775 in the proceedings before us. We offer no opinion on whether the statute may be used for this purpose.

## III.  DISPOSITION

We affirm the Court of Appeal's judgment.


**CORRIGAN, J.**


**We Concur:**

**CANTIL-SAKAUYE, C. J.**
**CHIN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**
**GROBAN, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** In re G.C.

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 27 Cal.App.5th 110
**Rehearing Granted**

_____

**Opinion No.** S252057
**Date Filed:** February 20, 2020

_____

**Court:** Superior
**County:** Santa Clara
**Judge:** Kenneth L. Shapero

_____

**Counsel:**

Sidney Sue Hollar, under appointment by the Supreme Court, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, Melissa A. Meth, Donna M. Provenzano and Victoria Ratnikova, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Sidney S. Hollar
5214F Diamond Heights Boulevard, #127
San Francisco, CA 94131
(415) 826-7527

Melissa A. Meth
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
(415) 510-3827