Filed 10/13/20  In re Jackson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re DERWIN JULES JACKSON,<br><br>on Habeas Corpus. | E072464<br><br>(Super.Ct.Nos. WHCJS1800321 &<br> FSB11452)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Gregory S. Tavill and Ronald M. Christianson, Judges.  Affirmed.

Jason Anderson, District Attorney, and Philip P. Stemler, Deputy District Attorney, for Appellant.

Sally Patrone Brajevich, under appointment by the Court of Appeal, for Respondent.

I

INTRODUCTION

The People appeal from the trial court's[1] orders granting respondent Derwin Jules Jackson's (defendant) petition for writ of habeas corpus, vacating his sentence and remanding for resentencing without a strike.[2] The habeas court granted the writ petition after it found the San Bernardino County Superior Court (SBSC or trial court) in case No. FSB11452 incorrectly concluded defendant's prior strike conviction for shooting at an occupied motor vehicle (Pen. Code,[3] § 246), Riverside County Superior Court (RCSC) case No. CR44158, qualified as a strike in violation of defendant's Sixth Amendment right to have a jury decide, beyond a reasonable doubt, whether he personally used a firearm in that prior case. The habeas court also determined that *People v. Gallardo* (2017) 4 Cal.5th 120 (*Gallardo*) applied retroactively and the trial court's consideration of the preliminary hearing transcript violated the holding in *Gallardo*.

The People contend the habeas court erred in granting defendant's writ petition because (1) the SBSC court found defendant's prior strike to be true and defendant

---

[1] For the sake of clarity, the trial court that ruled on defendant's habeas petition will be referred to as the "habeas court."

[2] Defendant was eventually resentenced to 32 years to life (30 years shorter than his original sentence). We take judicial notice of the record on appeal from defendant's pending appeal in case No. E072766. We also take judicial notice of relevant portions of SBSC case Nos. FSB11452, and prior appeals E021188 and E022053 as referenced herein. (See Evid. Code, § 452, subd. (d).)

[3] All future statutory references are to the Penal Code unless otherwise stated.

admitted this in his petition and traverse; (2) the habeas court was limited to issues and allegations in the petition; (3) the *Dixon*[4] doctrine prevents this issue from being raised on habeas; (4) the preliminary hearing transcript establishes that defendant was personally armed with a firearm; (5) the law of the case doctrine, collateral estoppel, and the *Waltreus*[5] doctrine bar relitigation of this issue; (6) the habeas court erred in applying *Gallardo* retroactively; (7) even if *Gallardo* is applied retroactively, defendant's preliminary hearing transcript is admissible to establish the strike conduct; and (8) the habeas court erred in dismissing the strike without remanding for a new sentencing hearing.

We conclude the habeas court did not err in applying *Gallardo* retroactively and granting defendant's writ petition on the ground defendant's Sixth Amendment right to a jury determination was violated when the trial court relied on the preliminary hearing transcript to find defendant personally used a firearm in the commission of his prior strike offense. We also reject the People's other objections and affirm the order granting the writ petition.

---

[4] *In re Dixon* (1953) 41 Cal.2d 756 (*Dixon*).

[5] *In re Waltreus* (1965) 62 Cal.2d 218 (*Waltreus*).

3

FACTUAL AND PROCEDURAL BACKGROUND

A.      *Defendant's Prior Strike Offense*, RCSC Case No. CR44158

On August 19, 1992, defendant pleaded guilty to one count of shooting at an occupied motor vehicle (§ 246) in RCSC case No. CR44158.  In return, the personal firearm use allegation pursuant to section 12022.5 was dismissed and defendant was sentenced to the low term of three years in state prison.  The parties stipulated that a factual basis for the plea could be taken from the preliminary hearing transcript, and the RCSC court found a factual basis for the plea in the preliminary hearing transcript.

B.      *SBSC Case No. FSB11452*

On the night of June 23, 1996, codefendant Rodrick Blackburn "shot and killed two teenage boys, for no apparent reason other than that he 'hate[d] Mexicans.'"  (*People v. Blackburn* (1999) 72 Cal.App.4th 1520, 1524 (*Blackburn*).)  There was testimony during defendant's criminal trial that he "encouraged Blackburn to shoot the teenagers," and that "[w]hen the shooting was over, [defendant] drove Blackburn away."  (*Ibid.*)

On June 5, 1997, an amended information was filed charging defendant with two counts of first degree murder (§ 187, subd. (a)).  The amended information also alleged that in the commission of both counts a principal was armed with a firearm (§ 12022, subd. (a)(1)).  The amended information further alleged that defendant had suffered a prior serious or violent felony strike conviction (§§ 667, subds. (b)-(i), 1170.12, subd. (a)-(d)) based on defendant's 1992 conviction for shooting at an occupied motor

vehicle. Defendant's motion to bifurcate the trial on the prior strike conviction was granted.

On June 18, 1997, a jury convicted defendant of two counts of second degree murder and found that a principal was armed with a firearm (§ 12022, subd. (a)(1)) as to both murders.

After defendant waived his right to a jury trial on the truth of his prior conviction, on June 20, 1997, the SBSC court found true that defendant had a prior conviction for shooting at an occupied motor vehicle in violation of section 246,[6] RCSC case No. CR44158. It appears, however, that the court reserved ruling on whether the prior qualified as a strike. In response to defendant's question, "What was this we just went through?" the trial court explained: "We had a court trial on whether or not the prior conviction that was alleged against you that we had separated out from the jury trial, whether that was true or not. And I made a finding that it's true. It's all we did today was find that you had suffered that prior conviction. [¶] The attorneys still have the right to challenge whether or not it's a strike and what other affect it might have on you prior to the date of sentencing."

The sentencing hearing was held on January 30, 1998. At that time, the parties and the trial court assumed the prior conviction was found true as "a prior strike" and

---

[6] A violation of section 246 is currently listed as a serious felony in the serious felony list but was not part of the list prior to 2002. (§ 1192.7, subd. (c) ["As used in this section, 'serious felony' means any of the following: . . . (33) discharge of a firearm at an inhabited dwelling, vehicle, or aircraft, in violation of Section 246."], as amended, Stats. 2002, ch. 606, § 3 (AB 1838), effective Sept. 17, 2002.)

5

entertained arguments regarding striking the strike.  In relevant part, the prosecutor noted that the preliminary hearing transcript showed that "defendant engaged in a gun battle with another vehicle on the freeway" when he committed the prior offense for shooting at a motor vehicle.  The trial court treated the prior conviction as a strike (§ 1192.7, subd. (c)(8)), and sentenced defendant to a total term of 62 years to life in state prison.

Defendant subsequently appealed, arguing, in pertinent part, that there was insufficient evidence that his prior conviction for shooting at an occupied motor vehicle (§ 246) qualified as a "'strike.'" (*Blackburn*, *supra*, 72 Cal.App.4th at p. 1525.)  On June 23, 1999, a panel of this court affirmed the judgment, with a modification to clarify that the victim restitution order was joint and several between defendant and his codefendant Blackburn.  (*Id*. at pp. 1535-1536.)  This court found sufficient evidence supported the determination that the prior conviction qualified as a "strike" based on a review of the preliminary hearing transcript from RCSC case No. CR44158.  (*Id*. at pp. 1531-1532.)  As described in the preliminary hearing transcript, defendant was seen holding a gun, defendant was the main participant in attempting to get the victim/vehicle to pull over, there was no evidence defendant's passenger had a gun, and the passenger did not have a clear shot at the victim but defendant did.  (*Ibid*.)  In addition, this court reasoned that it was immaterial that the personal use of a firearm allegation was dismissed because it was not necessary to prove the prior strike.  (*Id*. at pp. 1527 & 1530.)

On August 30, 2018, defendant filed the instant petition for writ of habeas corpus in the superior court on the grounds that (1) there was insufficient evidence to support the prior strike finding under *Gallardo* because the trial court had engaged in constitutionally prohibited judicial factfinding in violation of his Sixth Amendment right to a jury trial by relying on the preliminary hearing transcript to find he had personally used a firearm in RCSC case No. CR44148, and (2) he was denied the effective representation of counsel with respect to the prior strike.

On October 9, 2018, the habeas court filed an order inviting an informal response to defendant's habeas petition solely on the *Gallardo* issue after a lengthy discussion of *Gallardo* itself. In its order, the habeas court recognized that the SBSC court had found defendant's prior strike true in the underlying proceeding.

On October 26, 2018, the People filed an informal response. In summary, the People pointed out that even if the court applied *Gallardo* retroactively, defendant's prior strike finding would stand because he had stipulated to the preliminary hearing transcript as a factual basis. The People also claimed that numerous procedural bars and doctrines, such as the law of the case, the collateral estoppel doctrine, and the *Waltreus* doctrine, prevented defendant from relitigating the true finding on the prior strike conviction if *Gallardo* was not applied retroactively.

Defendant filed a reply to the People's informal response on November 27, 2018, realleging "his claims raised under the new law as decided in" *Gallardo*.

7

On December 5, 2018, the habeas court issued an order to show cause. The habeas court again noted the petition relied upon *Gallardo* and ordered the People to show cause "why the relief requested in the petition" should not be granted.

The People filed a return on January 3, 2019, addressing the *Gallardo* issue and numerous procedural bars to defendant's attempt to relitigate the prior strike allegation.

On January 16, 2019, defendant filed a traverse to the People's return. Defendant argued *Gallardo* applied retroactively to collaterally challenge his prior strike conviction.

A hearing on defendant's habeas petition was held on March 15, 2019. Prior to argument, the habeas court noted: "And we had a discussion before the lunch hour, because I wanted to point out to Counsel something that I noticed in reviewing the record. And so, with that in mind, I'd ask Counsel include discussion of that issue in any comments that you have for the Court." The court was referring to whether the SBSC found the prior conviction qualified as a strike. The court explained: "I think everybody assumed—The way I read the transcript, everybody assumed at the sentencing hearing that Judge Christianson had made the factual finding. When the appeal was taken, the issue was whether or not there was sufficiency of the evidence on appeal. Nobody looked at the question of whether or not Judge Christianson ever actually made the finding beyond a reasonable doubt. [¶] And I think everybody from Judge Christianson to the justices on the Court of Appeal to all of the lawyers just assumed that that finding had been made. I don't blame the justices on the Court of Appeal because, clearly, the lawyers should have raised that issue, and they did not."

8

The prosecutor argued that defendant's claim was procedurally barred under the *Waltreus*/*Dixon* doctrines and law of the case. The prosecutor also asserted that defendant's issue was barred because it was a new ground added by the habeas court and not raised in defendant's petition. The prosecutor objected to the habeas court applying *Gallardo* retroactively and asserted that *Gallardo* would not provide defendant relief even if the case was applied retroactively.

Defendant's counsel argued that *Gallardo* applied retroactively and that the prior conviction "was neither alleged nor proven beyond a reasonable doubt that [defendant] was armed with and personally discharged a gun." Defense counsel further noted "[t]he fact that the Court struck the firearm enhancement in the interest of justice substantially shows that insufficient evidence exists that [defendant] was the person that actually fired the gun" and that "[a]nything beyond that would require judicial factfinding, which is prohibited under *Gallardo*." Defense counsel also asserted that there were no procedural bars because the prior conviction was invalid and "a challenge to an illegal sentence will always lie" in the interest of justice.

Following argument, the habeas court found *Gallardo* applied retroactively and that pursuant to *Gallardo*, "resolution of this factual dispute by the trial court violated [defendant's] [S]ixth [A]mendment right to have a jury decide, beyond a reasonable doubt, whether he personally used a firearm in the Riverside case, case number CR44158." The habeas court therefore granted defendant's petition for writ of

9

habeas corpus and concluded defendant "shall be resentenced in case number FSB11452 as if his prior strike conviction was not a strike."

The habeas court noted prior to 2002, in order for a conviction for shooting at an occupied motor vehicle (§ 246) to qualify as a strike, there must be an additional finding by the jury or an admission by the defendant that he or she personally used a firearm. The habeas court also observed that, although the trial court found the prior conviction in RCSC case No. CR44158 occurred, the trial court made no finding beyond a reasonable doubt defendant personally used a firearm in the commission of the offense and expressly reserved determination of the issue of whether the prior conviction qualified as a strike. The habeas court also stated that neither the jury nor the trial court ever found beyond a reasonable doubt that defendant personally used a firearm in RCSC case No. CR44158, required for the prior conviction to qualify as a strike.

The habeas court rejected the People's argument that defendant admitted personal firearm use by stipulating to the preliminary hearing transcript as a factual basis for the guilty plea in RCSC case No. CR44158. The court explained defendant's stipulation to the preliminary hearing as a factual basis for the guilty plea did not include an admission he personally used a firearm because defendant specifically negotiated a dismissal of the personal firearm use allegation as part of the plea agreement and personal firearm use was not necessary to violate section 246. The habeas court concluded the trial court could not resolve a disputed fact by relying on the preliminary hearing transcript under *Gallardo*.

The habeas court also rejected the People's claim it was barred from granting the writ on the ground there had been no finding of personal firearm use because defendant had not made that specific claim in his writ petition. In so holding, the habeas court concluded defendant had argued the strike had not been found true by a jury beyond a reasonable doubt, which encompassed the issue of whether a finding had been made the prior qualified as a strike. In addition, *Gallardo* permitted review of whether the prior qualified as a strike. The habeas court noted that, before the hearing on the writ petition, it had notified the parties that there had been no finding on whether the prior qualified as a strike, and the parties addressed the issue at the hearing. The habeas court further rejected the People's argument that the SBSC court had made a finding defendant had personally used a firearm in the commission of his prior conviction.

On March 15, 2019, the habeas court issued a written order granting defendant's petition for writ of habeas corpus and ordering defendant to be resentenced as if his prior conviction for violating section 246 in RCSC case No. CR44158 was not a strike. The court concluded *Gallardo* applied retroactively and therefore under *Gallardo*, the trial court violated defendant's Sixth Amendment right to have a jury decide beyond a reasonable doubt whether he personally used a firearm in RCSC case No. CR44158. The court also found that at defendant's sentencing hearing on January 30, 1998, "the parties and the trial court *assumed* that a violation of Penal Code section 246 must include personal use of a firearm, thereby ignoring that a person could violate the statute without personal use as an aider and abetter [*sic*]. (See *Blackburn*, 72 Cal.App.4th at [p.] 1531.)

11

Although the trial court applied the beyond a reasonable doubt standard for its finding that the prior conviction was true (RT 634:10-11), it never made any finding that [defendant] 'personally use[d] a firearm' in case no. CR44158 beyond a reasonable doubt as required. [Citations.]" (Bold and italics in original.) Finally, the habeas court determined remand was unnecessary because the record affirmatively established defendant never admitted to personal use of a firearm when he committed the prior conviction.

On April 9, 2019, the People filed a timely notice of appeal.

## III

## DISCUSSION

### A.     *Law Applicable to Ruling on a Writ Petition*

The People argue the habeas court erred by raising the issue of whether the SBSC court properly found defendant's prior conviction was a strike, an issue that defendant's original trial attorney, the trial court, this court, defendant in propria persona on habeas, and defendant's appointed habeas counsel "all conceded or previously ruled against him on." The People maintain that the record "itself belies the habeas court's reading" and "the habeas court was precluded from raising this issue on its own. [Citations]."

Under our state Constitution, a person improperly deprived of his or her liberty has the right to petition for a writ of habeas corpus. (Cal. Const., art. I, § 11; *People v. Duvall* (1995) 9 Cal.4th 464, 474 (*Duvall*).) A petition for a writ of habeas corpus collaterally challenges a presumptively final criminal judgment. Therefore, the petitioner

12

bears a heavy burden to plead grounds for relief, and later to prove them. (*Duvall*, at p. 474.)

When reviewing such a petition, the habeas court "evaluates it by asking whether, assuming the petition's factual allegations are true, the petitioner would be entitled to relief. [Citations.] If no prima facie case for relief is stated, the court will summarily deny the petition." (*Duvall*, *supra*, 9 Cal.4th at pp. 474-475.) If the court finds the factual allegations establish a prima facie case for relief, the court will issue an order to show cause. (*Id*. at p. 475.) When an order to show cause issues, it is limited to the claims raised in the writ petition and the factual bases for those claims. Issuance of an order to show cause indicates the court's preliminary assessment that the petitioner would be entitled to relief if the petitioner's factual allegations are proved. (*Ibid*.)

The custodian of the confined person, the People, shall then file a responsive pleading, called a return, justifying the confinement. (§ 1480; *Duvall*, *supra*, 9 Cal.4th at p. 475.) The return shall allege facts establishing the legality of the petitioner's custody and respond to the petition allegations that the confinement is unlawful. (*Duvall*, at p. 476.) In addition, the return should also "provide such documentary evidence, affidavits, or other materials as will enable the court to determine which issues are truly disputed." (*In re Lewallen* (1979) 23 Cal.3d 274, 278, fn. 2; accord, *Duvall*, at p. 476.) In response to the return, the petitioner may file a traverse, which either admits or disputes the return's factual allegations responsive to the petition. (*Duvall*, at p. 477.)

13

In the instant case, contrary to the People's claim, we find the habeas court followed these procedures. The habeas court concluded that an evidentiary hearing was not required. After reviewing the pleadings and attached exhibits, and listening to oral argument, the court granted defendant writ relief.

Defendant filed a writ of habeas corpus petition on the grounds that (1) the trial court in case no. FSB11452 violated his Sixth Amendment right to a jury trial on the prior strike and engaged in constitutionally prohibited judicial factfinding in violation of *Gallardo* when it looked to the preliminary hearing transcript to see whether the prior qualified as a strike, and (2) defense counsel was ineffective because there was insufficient evidence of the strike. The habeas court raising the issue of whether the trial court had actually made a finding defendant's prior conviction qualified as a strike and the parties assuming the SBSC court had so found at the sentencing hearing was intrinsic in defendant's claims raised in his petition. Moreover, the habeas court did not raise a new issue. Rather, the habeas court was explaining its interpretation of the trial record when determining whether to grant writ relief to defendant.

Furthermore, it is settled law in California that an unauthorized sentence can be challenged and corrected at any time. (*People v. Cabrera* (2018) 21 Cal.App.5th 470, 477 (*Cabrera*); *People v. Scott* (1994) 9 Cal.4th 331, 354 (*Scott*); *Montgomery v. Louisiana* (2016) __ U.S. __, 136 S.Ct. 718, 723 [defendant permitted to challenge sentence as cruel and unusual punishment 50 years after his arrest]; *People v. Sanchez* (2016) 245 Cal.App.4th 1409, 1417.) Habeas corpus relief is thus proper here where

14

defendant was sentenced to serve an illegal or unauthorized sentence. (*In re Harris* (1993) 5 Cal.4th 813, 839.) Writ relief may be granted when "the sentencing court acted in excess of its jurisdiction by imposing a sentence on the petitioner that was longer than that permitted by law." (*Ibid.* ["We again invoked this rule in a case in which a habeas corpus petitioner claimed two enhancement provisions were improperly applied to lengthen his overall sentence."].)

The unauthorized sentence exception to the general rule precluding relief after a judgment is final, applies here. Defendant's sentence is unauthorized, either because the SBSC court in 1998 simply overlooked making a finding defendant's prior conviction qualified as a strike by determining defendant personally used a firearm, or the parties and the court improperly found the prior qualified as a strike based on facts outside the record of conviction. Either way, the prosecution failed to prove defendant personally used a firearm. Defendant never admitted he personally used a firearm in the commission of the prior conviction. Therefore, for the reasons explained, the habeas court properly granted defendant's petition for habeas corpus writ relief.

B.  *Whether <u>Gallardo</u> Applies Retroactively*

The California Supreme Court in *Gallardo*, *supra*, 4 Cal.5th 120, held that, when determining whether a prior conviction is a serious felony for purposes of increasing a sentence, the trial court is limited to "those facts that were established by virtue of the conviction itself—that is, facts the jury was necessarily required to find to render a guilty verdict, or that the defendant admitted as the factual basis for a guilty plea." (*Id*. at

15

p. 136; see *id*. at p. 134.) Such a determination about the nature of a prior conviction thus is to be made by the court solely based on the record of conviction. (*Id*. at p. 138.) Where there has been a plea, the determination of whether the plea encompassed a relevant admission about the nature of the crime, is limited to the record of the conviction entered on the plea. (*Id*. at pp. 138-139.) Our Supreme Court thus concluded the trial court in *Gallardo* had engaged in constitutionally prohibited factfinding by looking beyond the defendant's record of conviction to find that a prior conviction qualified as a strike. (*Id*. at pp. 134-137.)

Recently, this court in *In re Brown* (2020) 45 Cal.App.5th 699 (*Brown*), review granted June 10, 2020, S261454, concluded *Gallardo* applies retroactively to a defendant's unauthorized sentence under the California retroactivity standard for assessing retroactivity of judicial decisions. (*Brown*, at pp. 714-720.) We noted "[t]he threshold inquiry in determining retroactivity is whether a judicial holding constitutes a 'new rule.'" (*Brown*, at p. 716, citing *In re Ruedas* (2018) 23 Cal.App.5th 777, 799.) We explained "[a] judicial decision constitutes a 'new rule' under state law when the judicial decision '(1) explicitly overrule[s] a precedent of the California Supreme Court, or (2) disapprove[s] a practice implicitly sanctioned by prior decisions of the Supreme Court, or (3) disapprove[s] a long-standing and widespread practice expressly approved by a near-unanimous body of lower court authorities.' [Citations.]" (*Brown*, at p. 716.)

We determined that "[u]nder this definition of a 'new rule,' the *Gallardo* decision created a new rule of law by explicitly overruling the firmly established case precedent of

*People v. McGee* (2006) 38 Cal.4th 682. *McGee* provided controlling Supreme Court precedent on the trial court's authority to make factual findings when determining whether a prior conviction qualifies as a strike. [Citation.] In overruling *McGee*, the *Gallardo* court held that *McGee* 'is no longer tenable insofar as it authorizes trial courts to make findings about the conduct that "realistically" gave rise to a defendant's prior conviction. The trial court's role is limited to determining the facts that were necessarily found in the course of entering the conviction. To do more is to engage in "judicial factfinding that goes far beyond the recognition of a prior conviction."' (*Gallardo*, *supra*, 4 Cal.5th at p. 134, quoting in part *Descamps v. United States* [(2013)] 570 U.S. [254,] 255.)" (*Brown*, *supra*, 45 Cal.App.5th at pp. 716-717.)

After finding the *Gallardo* rule is a procedural rule and following a lengthy analysis of the state retroactivity standard, we concluded: "Here, the new rule in *Gallardo* bars the trial court from making disputed factual findings regarding the defendant's conduct underlying a prior conviction, based on facts outside the record of conviction or facts that were not admitted by the defendant during his plea or found true by the jury. The *Gallardo* rule thus goes to the integrity of the factfinding process when the court determines whether a prior conviction qualifies as a strike. The primary purpose of the *Gallardo* rule is to promote reliable determinations of a defendant's guilt or innocence in committing underlying acts, apart from the elements of a conviction, required to impose a strike. [¶] Because the purpose of *Gallardo* 'relates to characteristics of the judicial system which are essential to minimizing convictions of the

17

innocent' used to increase a defendant's sentence [citation], the purpose of the *Gallardo* rule weighs heavily in favor of retroactive application. [Citations.] We are not convinced that the other less weighty factors, such as the prosecutors' reliance on the former law and the burden retroactivity will place upon the judicial system, outweigh the purpose of the *Gallardo* rule, which ensures that a defendant is sentenced fairly, in adherence to constitutional factfinding procedures, consistent with a defendant's Sixth amendment and due process rights." (*Brown*, *supra*, 45 Cal.App.5th at pp. 718-719, citing *In re Johnson* (1970) 3 Cal.3d 404, 413 & *In re Lucero* (2011) 200 Cal.App.4th 38, 45.)

In finding *Gallardo* applies retroactively, we rejected the Second District Court, Division Seven's conclusion in *In re Milton* (2019) 42 Cal.App.5th 977 (*Milton*), review granted March 11, 2020, S259954, that *Gallardo* should only be applied prospectively to cases that are already final. (*Brown*, *supra*, 45 Cal.App.5th at p. 721; *Milton*, at pp. 981-982.) We agreed with *Milton* "to the extent it concludes that under the federal and state retroactivity standards, *Gallardo* established a procedural new rule. (*Milton*, *supra*, 42 Cal.App.5th at pp. 991, 993, 997.) However, as discussed . . . in our opinion, we respectfully disagree[d] with the *Milton* court's conclusion that *Gallardo* does not apply retroactively under the state retroactivity standard." (*Brown*, at p. 721.)

"The court in *Milton* reasoned (1) *Gallardo* did not vindicate a right essential to the reliability of the factfinding process and (2) applying *Gallardo* retroactively would be disruptive." (*Brown*, *supra*, 45 Cal.App.5th at p. 721, citing *Milton*, *supra*, 42

18

Cal.App.5th at pp. 998-999.) We were "not persuaded that these two grounds justify depriving defendants of retroactive application of *Gallardo*. We recognize that the factfinding process might not be any less reliable if conducted by the sentencing judge, and might even be better. We recognize that applying *Gallardo* retroactively will be disruptive and burdensome to the courts. Nevertheless we conclude these factors do not outweigh a defendant's constitutional right to a jury determination of facts upon which a strike is based when the strike is founded on a crime statute that does not categorically match the predicate prior crime. [Citation.] We conclude *Gallardo* applies retroactively under the state retroactivity standard." (*Brown*, at pp. 721-722, citing *Gallardo*, *supra*, 4 Cal.5th at pp. 135-136.)

Here, defendant challenges his 1998 sentence but not his criminal convictions. As we found in *Brown*, *supra*, 45 Cal.App.5th 699, we conclude that under the state retroactivity standard, the habeas court properly applied *Gallardo* retroactively, and in doing so, did not abuse its discretion in granting defendant's writ petition on the ground defendant's prior conviction for shooting at an occupied vehicle did not qualify as a strike. In examining the record on appeal, it appears there was no finding by a jury or the SBSC court that defendant personally used a firearm in the commission of his prior conviction. In addition, the prosecution neither proved nor did defendant admit that he had personally used a firearm in the commission of the prior conviction. It appears at the time defendant was sentenced in 1998, the parties, the trial court, and this court in defendant's prior appeal assumed a finding had been made that defendant's prior

19

conviction qualified as a strike. The record on appeal demonstrates that the only way the trial court and this court in defendant's prior appeal could have reached such a conclusion was to rely on facts outside the record of conviction, which is improper under *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*), *Descamps v. United States*, *supra*, 570 U.S. 254, *Gallardo*, and the Sixth Amendment. Because there were no facts upon which the SBSC court could have properly found defendant personally used a firearm when committing the prior conviction of shooting at an occupied vehicle, imposition of the prior conviction was unlawful, resulting in an unauthorized sentence.

C. *Reliance on Facts in the Preliminary Hearing Transcript*

The People contend that, regardless of whether *Gallardo* applies retroactively, the preliminary hearing transcript was admissible to establish the prior conviction qualified as a strike and defendant stipulated the preliminary hearing transcript could be used to establish a factual basis for his plea in the prior case. In support of this proposition, the People rely on *Blackburn*, *supra*, 72 Cal.App.4th at pp. 1531-1532, wherein this court determined that "the preliminary hearing transcript stipulated as the factual basis of [defendant's] prior conviction constituted sufficient evidence of his strike prior." The People claim "*Gallardo* would require this court to review the preliminary hearing transcript to determine [defendant's] conduct because the transcript had been so stipulated." The People therefore conclude "the doctrines of *Waltreus*, law of the case, and collateral estoppel combine to prevent [defendant] from again litigating this issue." Under the circumstances of this case, we disagree.

20

Here, the fact that defendant stipulated the preliminary hearing transcript provided a factual basis for his plea at the time he pleaded guilty in his prior case, RCSC case No. CR44158, does not constitute "'"'circumstances that would normally call for a response if the statement were untrue.'"'" (*People v. Sample* (2011) 200 Cal.App.4th 1253, 1262.) The firearm use related statements in the preliminary hearing transcript were not read aloud during the taking of the plea, did not establish defendant personally used a firearm in the commission of the offense, and were not mentioned during the plea hearing.

In addition, "[a] stipulation to a document to provide a factual basis for a plea is an admission only of the facts necessary to the charged offense itself." (*People v. Banda* (2018) 26 Cal.App.5th 349, 359; see *People v. Reed* (1996) 13 Cal.4th 217, 224.) Defense counsel here stipulated to a factual basis for the plea to a violation of section 246, not to the allegation defendant personally used a firearm. Indeed, the personal firearm use enhancement in violation of section 12022.5, subdivision (a), had expressly been dismissed as part of the plea negotiations. The prosecutor and the trial court acknowledged the plea did not include the personal firearm use allegation. Personal firearm use is not an element of shooting at an occupied motor vehicle. (*People v. Ramirez* (2009) 45 Cal.4th 980, 985; *People v. Hernandez* (2010) 181 Cal.App.4th 1494, 1501.) Accordingly, the stipulation to rely on the preliminary hearing transcript to provide a factual basis for the plea did not include an admission by defendant that he personally used a firearm in the commission of the prior convicted offense.

21

Under such circumstances, defendant did not have any reason or motive to contest or object to the firearm-related facts in the preliminary hearing transcript. Not objecting to the preliminary hearing transcript and stipulating to the preliminary hearing transcript establishing a factual basis for defendant's plea does not constitute an adoptive admission by defendant that all of the firearm-related facts stated in the preliminary hearing transcript are true.

Furthermore, the People's reliance on *Blackburn* is misplaced. *Blackburn* was decided before *Gallardo*, which held that the sentencing court cannot make factual findings on whether a prior conviction qualifies as a strike. (*Gallardo*, *supra*, 4 Cal.5th at p. 136.) Thus, even assuming the SBSC court could consider the facts in the preliminary hearing transcript, it would be improper under *Gallardo* for the court, rather than the jury to make a factual finding that defendant actually used a weapon to commit the shooting at an occupied vehicle based on the facts in the preliminary hearing transcript. Moreover, as the habeas court observed, we cannot overlook the fact that there was *no* finding in the SBSC case the prior conviction qualified as a strike.

"'The Sixth Amendment contemplates that a jury—not a sentencing court—will find' the facts giving rise to a conviction, when those facts lead to the imposition of additional punishment under a recidivist sentencing scheme. [Citation.] This means that a sentencing court may identify those facts it is 'sure the jury . . . found' in rendering its guilty verdict, or those facts as to which the defendant waived the right of jury trial in entering a guilty plea. [Citation.] But it may not 'rely on its own finding' about the

22

defendant's underlying conduct 'to increase a defendant's maximum sentence.'" (*Gallardo*, *supra*, 4 Cal.5th at p. 134.) Thus, in determining whether defendant's prior conviction qualified as a strike, the trial court could only rely on "those facts that were established by virtue of the conviction itself—that is, facts the jury was necessarily required to find to render a guilty verdict, or that the defendant admitted as the factual basis for a guilty plea." (*Id*. at p. 136.)

*Gallardo* is similar to the present case regarding the court's judicial factfinding. The defendant in *Gallardo* waived her right to a jury trial regarding an allegation that she suffered a prior assault conviction, but she disputed that the assault qualified as a strike based on the fact that her plea in the prior case did not definitively establish what type of assault she committed. (*Gallardo*, *supra*, 4 Cal.5th at p. 126.) If the defendant "committed assault with a deadly weapon, the prior conviction counted as a strike; if she committed assault by any means of force likely to produce great bodily injury, it did not." (*Id*. at p. 125.) The trial court reviewed a transcript of the preliminary hearing in the prior case, determined that the defendant had committed assault with a deadly weapon, and sentenced her as a second strike offender. (*Id*. at p. 126.) The California Supreme Court granted review in *Gallardo* to determine whether using the defendant's assault prior as a strike violated her rights under *Apprendi*.

Our Supreme Court in *Gallardo* concluded that the trial court "engaged in a form of factfinding that strayed beyond the bounds of the Sixth Amendment." (*Gallardo*, *supra*, 4 Cal.5th at p. 136.) The court explained that in determining whether a prior

conviction qualifies as a strike, the trial court may consider only a limited class of documents that "might help identify what facts a jury necessarily found in the prior proceeding." (*Id*. at p. 137.) A preliminary hearing transcript is not within that class because "[a] sentencing court reviewing that preliminary transcript has no way of knowing whether a jury would have credited the victim's testimony had the case gone to trial." (*Ibid*.) Thus, the court reasoned, "at least in the absence of any pertinent admissions," the sentencing court cannot do anything but guess that a defendant who pleaded guilty to committing an assault in violation of section 245, subdivision (a)(1), was "acknowledging the truth of the testimony indicating that she had committed that assault with a knife." (*Gallardo*, at p. 137.) Nonetheless, the court reaffirmed "that determinations about the nature of prior convictions are to be made by the [sentencing] court, rather than a jury, based on the record of conviction." (*Id.* at p. 138.)

*People v. Hudson* (2018) 28 Cal.App.5th 196 (*Hudson*) is also instructive. In *Hudson*, the defendant was charged with a section 245 assault. "In the first amended complaint, dated August 1, 1990, it stated the assault charge was 'a violation of Section 245(a)(1) . . . , in that said defendant(s) did then and there assault [victim], and by means of force likely to produce great bodily injury.' . . . [¶] An information was thereafter filed on August 24, 1990. The second count of the information again omitted language charging section 245(a)(1) based on assault with a deadly weapon. However, handwritten notes on the information added the following language to the charge: 'defendants did then and there assault [victim] *with a deadly weapon*, *to wit*: *a pipe*, and

by means of force likely to produce great bodily injury.' (Italics added.) . . . Hudson pled nolo contendere on February 27, 1991, to 'section 245(a)(1) . . . as charged in Count 2 of the Information.' However, the document does not specify the theory, if any, upon which Hudson pled guilty to section 245(a)(1)." (*Hudson*, at p. 202.)

"At the bifurcated trial, the prosecution presented two forms, the abstract of judgment and fingerprint card, which describe the crime committed under section 245(a)(1) as assault with a deadly weapon." (*Hudson*, *supra*, 28 Cal.App.5th at pp. 202-203.) "On both forms, the space for describing the nature of the crime is small. On the abstract of judgment form, the name of the crime was abbreviated to 'Assault w/deadly weapon' and the fingerprint card stated 'Ct2 PC245(a) ADW.'" (*Id*. at p. 203, fn. 3.) "The court was also provided the transcript of the preliminary hearing, during which the victim described Hudson beating him with a metal pipe." (*Id*. at p. 203.) Based on the documents submitted, the trial court determined the defendant pleaded no contest to the strike prong of section 245. (*Ibid*.)

The appellate court reversed the trial court's true finding on the prior strike conviction allegation, declaring "[t]his case is indistinguishable from *Gallardo*." (*Hudson*, *supra*, 28 Cal.App.5th at p. 208.) After expressing concerns over the validity of the handwritten insertions to the information, the court concluded that, "assuming the handwritten notes alleging assault with a deadly weapon were incorporated therein," the trial court could not find the defendant had pleaded to the strike prong of section 245

because "the record is silent as to whether Hudson pled to assault based on the use of a deadly weapon, causing great bodily injury, or both." (*Id*. at p. 208.)

The *Hudson* court then concluded the trial "court's reliance on the preliminary hearing transcript was impermissible, and violated Hudson's Sixth Amendment right to a jury trial." (*Hudson*, *supra*, 28 Cal.App.5th at p. 209.) It also found the Sixth Amendment violation was not harmless despite the abstract of judgment stating the defendant was convicted of "'Assault w/deadly weapon.'" (*Id*. at pp. 209-210.) The court stated "the abstract of judgment alone does not reveal whether the court's conclusion that the offense was for assault with a deadly weapon evidenced from the elements of the prior offense as stated in the charging documents, plea agreement or colloquy. Instead, the abstract may reflect the court's own interpretation and factfinding of the available evidence." (*Id*. at p. 210.)

In the instant case, the People ignore that the personal use of a firearm was not necessary to the prior conviction in RCSC case No. CR44158. The personal firearm use facts were also not necessary to the RCSC court finding a factual basis for the plea. Further, the firearm use facts were neither proven nor admitted by defendant in the RCSC case. Thus, we reject the People's contention that the SBSC trial court (and this court on appeal) was permitted to examine the preliminary transcript to determine whether the prior conviction qualified as a strike, because defense counsel had stipulated such transcript could be used to establish a factual basis for the plea.

As explained below, we also reject the People's procedural bar arguments.

26

### 1. Law of the Case Doctrine

Our Supreme Court has defined the doctrine of law of the case as follows: "'""That where, upon an appeal, the [reviewing] court, in deciding the appeal, states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout its subsequent progress, both in the lower court and upon subsequent appeal and . . . in any subsequent suit for the same cause of action . . . .""'" (*People v. Murtishaw* (2011) 51 Cal.4th 574, 589.) But "law of the case 'does not extend to points of law which might have been but were not presented and determined on a prior appeal.'" (*People v. Shuey* (1975) 13 Cal.3d 835, 843, overruled on other grounds in *People v. Bennett* (1998) 17 Cal.4th 373, 389, fn. 5.) In addition, "one well-settled exception exists where there has been a 'controlling' change in the law between the time of the first and second appellate decisions." (*People v. Whitt* (1990) 51 Cal. 3d 620, 638-639.)

In this case, since our court's opinion in *Blackburn*, there has been a "controlling" change in the law. *Gallardo* has since ruled that a sentencing court cannot make factual findings on whether a prior conviction qualifies as a strike and that a defendant has a Sixth Amendment right to a jury determination of whether a prior conviction qualifies as a strike. (*Gallardo*, *supra*, 4 Cal.5th at pp. 134, 136.) Hence, the law of the case doctrine does not apply in the instant case. Moreover, our decision in *Blackburn* was not binding because the record indicates no finding was made that the prior conviction qualified as a

27

strike and habeas relief is available to correct an unauthorized sentence. (*Cabrera*, *supra*, 21 Cal.App.5th at p. 477; *Scott*, *supra*, 9 Cal.4th at p. 354.)

### 2. Collateral Estoppel

The People also contend that collateral estoppel bars defendant habeas relief because the issue was already litigated in this court in *Blackburn*.

Under the doctrine of collateral estoppel, a party cannot relitigate an issue of ultimate fact that was determined by a valid and final judgment in a previous lawsuit between the same parties. (*Ashe v. Swenson* (1970) 397 U.S. 436, 443; *People v. Barragan* (2004) 32 Cal.4th 236, 252-253; *People v. Santamaria* (1994) 8 Cal.4th 903, 912.) In criminal cases, this doctrine is an aspect of the Fifth Amendment's protection against double jeopardy. (*Ashe v. Swenson*, at p. 445; *Schiro v. Farley* (1994) 510 U.S. 222, 232; *People v. Santamaria*, at p. 912.) Collateral estoppel applies only if five requirements are met: (1) the relevant issue must be identical to that decided in the prior proceeding; (2) the issue actually must have been litigated in the prior proceeding; (3) the issue necessarily must have been decided in the prior proceeding; (4) the decision in the prior proceeding must be final and on the merits; and (5) the party against whom preclusion is sought must be identical to or in privity with the party to the prior proceeding. (*People v. Garcia* (2006) 39 Cal.4th 1070, 1077; *People v. Cooper* (2007) 149 Cal.App.4th 500, 518.) We do not apply collateral estoppel "with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality."

28

(*Ashe v. Swenson*, at p. 444; accord, *People v. Santamaria*, at p. 912; *People v. Gordon* (2009) 177 Cal.App.4th 1550, 1557.)

Here, as explained by the habeas court, this court mistakenly assumed a finding had been made defendant's prior conviction qualified as a strike. Since no finding had been made, the sentence was unauthorized. Further, in *Blackburn* we found the trial court properly considered the preliminary hearing transcript to evaluate the nature of the defendant's prior conviction. (*Blackburn*, *supra*, 72 Cal.App.4th at pp. 1531-1532.) However, as previously noted, since *Blackburn*, *Gallardo* has ruled that a court cannot make factual findings on whether a prior conviction qualifies as a strike. (*Gallardo*, *supra*, 4 Cal.5th at p. 136.) As such, we conclude collateral estoppel does not bar defendant relief on habeas.

### 3. *Dixon* and *Waltreus* Rules

The People maintain that the *Dixon* and *Waltreus* doctrines also prevent defendant from relitigating the sufficiency of the evidence supporting the prior strike finding on habeas. We disagree.

"The right to habeas corpus is guaranteed by the state Constitution and 'may not be suspended unless required by public safety in cases of rebellion or invasion.' (Cal. Const., art. I, § 11.) Frequently used to challenge criminal convictions already affirmed on appeal, the writ of habeas corpus permits a person deprived of his or her freedom, such as a prisoner, to bring before a court evidence from outside the trial or appellate record, and often represents a prisoner's last chance to obtain judicial

29

review. . . . 'Historically, habeas corpus provided an avenue of relief for only those criminal defendants confined by a judgment of a court that lacked fundamental jurisdiction, that is, jurisdiction over the person or subject matter' [citation], but that view has evolved in modern times and habeas corpus now 'permit[s] judicial inquiry into a variety of constitutional and jurisdictional issues' [citation].  'Despite the substantive and procedural protections afforded those accused of committing crimes, the basic charters governing our society wisely hold open a final possibility for prisoners to prove their convictions were obtained unjustly.  [Citations.]  A writ of "[h]abeas corpus may thus provide an avenue of relief to those unjustly incarcerated when the normal method of relief—i.e., direct appeal—is inadequate."'  [Citations.]" (*In re Reno* (2012) 55 Cal.4th 428, 449-450 (*Reno*).)

Notwithstanding "the importance of the 'Great Writ,'" our Supreme Court has established procedural rules limiting its use.  (*In re Clark* (1993) 5 Cal.4th 750, 763-764, superseded by statute on other grounds as stated in *Briggs v. Brown* (2017) 3 Cal.5th 808.)  One such rule "has come to be known as the *Waltreus* rule; that is, legal claims that have previously been raised and rejected on direct appeal ordinarily cannot be reraised in a collateral attack by filing a petition for a writ of habeas corpus." (*Reno*, *supra*, 55 Cal.4th at p. 476.)  This rule is "consistent with the very nature of habeas corpus" as "an extraordinary remedy applicable when the usual channels for vindicating rights—trial and appeal—have failed." (*Id*. at p. 477.)  And because "habeas corpus cannot serve as a substitute for an appeal, . . . in the absence of special circumstances constituting an

30

excuse for failure to employ that remedy, the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction." (*Dixon*, *supra*, 41 Cal.2d at p. 759.) This has come to be known as the *Dixon* rule. We note sufficiency of the evidence claims generally may not be raised in a petition for writ of habeas corpus. (*Reno*, at p. 514.)

There are, however, exceptions to these rules. Such exceptions are: "(1) where the issue constitutes a fundamental constitutional error; that is, 'where the claimed constitutional error is both clear and fundamental, and strikes at the heart of the trial process' [citation]; (2) where the judgment of conviction was rendered by a court lacking fundamental jurisdiction, described as 'an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties' [citations]; (3) where the court acted in excess of its jurisdiction, such as when it imposes an illegal sentence [citation]; and (4) 'when there has been a change in the law affecting the petitioner' [citation]." (*Reno*, *supra*, 55 Cal.4th at pp. 478, fn. omitted, 490-491.)

Here, we find the exceptions to the *Waltreus* and *Dixon* rules. First, there has been a change in the law affecting defendant's rights, and as we have concluded, *Gallardo* applies retroactively. Second, the SBSC court acted in excess of its jurisdiction by imposing a strike sentence without a jury finding or even a court finding defendant had personally used a firearm in the commission of his prior conviction. Third, there was fundamental constitutional error because the prior conviction was imposed in violation of defendant's Sixth Amendment right to a jury determination on whether he personally

31

used a firearm. (*Gallardo*, *supra*, 4 Cal.5th at pp. 123, 134, 136.) Therefore, we find neither the *Waltreus* rule nor the holding in *Dixon* barred the habeas' court's consideration of the issue because three exceptions to the rule applied. (*Reno*, *supra*, 55 Cal.4th at p. 478.)

Moreover, we cannot overlook the fact that there was *no* finding in the SBSC case the prior conviction qualified as a strike. Therefore, we reject the People's contentions that defendant is procedurally barred from raising the *Gallardo* issue under law of the case, collateral estoppel, the *Waltreus* rule, and the *Dixon* rule.

D.      *Claims Relating to Defendant's Purported Admissions*

The People further claim defendant admitted in his writ petition and traverse that the SBSC court found the prior strike true and that he never disputed that the SBSC court properly made these findings. The record demonstrates that the SBSC court found true defendant had suffered a prior conviction but never made a finding the prior conviction qualified as a strike based on defendant's personal use of a firearm. Although defendant never asserted the SBSC court did not make a finding the prior *qualified* as a strike, the record shows defendant never claimed there was a sufficient finding he had personally used a firearm. Such a finding was necessary to establish the prior qualified as a strike. Rather, defendant repeatedly and consistently argued there was insufficient evidence to show his prior conviction was a strike.

Moreover, defendant argued in his writ petition and traverse that the prior conviction could not properly be imposed because there had been no jury finding on the

32

prior conviction, in violation of his Sixth Amendment right to a jury determination on additional facts necessary for the prior conviction to qualify as a strike.  He also claimed his trial counsel was ineffective because his attorney failed to argue there was insufficient evidence the prior conviction qualified as a strike.  We conclude defendant's objections in the trial court encompass his objection on appeal that his prior conviction qualified as a strike.

The People also note defendant had filed numerous writ petitions and appeals in which he conceded the SBSC court found the prior conviction qualified as a strike.  However, defendant had consistently maintained the prior conviction was invalid, the prior conviction was not supported by sufficient evidence, and there was no jury determination that he had personally used a firearm in the commission of the prior.  Furthermore, an unauthorized sentence is not subject to forfeiture and can never be deemed harmless.  (*Cabrera*, *supra*, 21 Cal.App.5th at p. 477; *Scott*, *supra*, 9 Cal.4th at p. 354.)

E.      *Whether Remand Was Unnecessary*

The People contend that the habeas court erred by dismissing the prior conviction for shooting at an occupied vehicle without remanding the matter for a new sentencing hearing to determine whether the prior qualified as a strike.  We disagree.

The habeas court did not dismiss the prior conviction. Rather, the court ordered that defendant "shall be resentenced in case no. FSB11452 as if his prior conviction (Pen. Code, § 246, Riverside County Superior Court case no. CR44158) was not a strike." Under the circumstances of this case, we find the habeas court correctly ordered defendant to be resentenced "as if the prior conviction . . . was not a strike."

The habeas court determined remand was unnecessary because the record from defendant's prior case in RCSC case No. CR44158 was "fully developed" as part of this habeas case, and affirmatively established defendant never admitted to personal use of a firearm when he committed the prior conviction as part of this habeas case. In addition, the record shows there was no jury finding of the personal firearm use required for the prior conviction to qualify as a strike. A thorough review of the record demonstrates that defendant neither admitted nor a jury determined defendant used a firearm in the commission of the prior conviction. Accordingly, remand was unnecessary.

We thus find the habeas court did not err in granting defendant's writ petition on the ground defendant's prior conviction does not qualify as a strike. We also conclude the habeas court did not err in ordering defendant to be resentenced "as if his prior conviction . . . was not a strike."

## IV

## DISPOSITION

The writ petition order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON_____

J.

We concur:


MILLER_____

        Acting P. J.


FIELDS_____

      J.