[No. F056015. Fifth Dist. Feb. 18, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
DANIEL HERNANDEZ, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of the Facts and parts IB through III of the Discussion.

COUNSEL

Cliff Gardner, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Lloyd G. Carter, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

LEVY, Acting P. J.—Appellant Daniel Hernandez was charged, by fourth amended information, with murder committed by an active participant in a criminal street gang and carried out to further the activities of the gang, and perpetrated by means of discharging a firearm from a motor vehicle (Pen. Code,[1] §§ 187, subd. (a), 190.2, subd. (a)(21) & (22); count 1), attempted premeditated murder (§§ 187, subd. (a), 664; counts 2 & 3), and discharging a firearm from a motor vehicle at another person (§ 12034, subd. (c); counts 4–6). Criminal street gang and firearm use enhancements (§§ 186.22, subd. (b)(1)(C), 12022.53, subds. (b), (c), (d) & (e)(1), respectively) were alleged as to each count.[2] A jury convicted him of discharging a firearm from a motor vehicle at another person (counts 4–6), but acquitted him of murder (count 1), and deadlocked on the charges of attempted murder (counts 2 & 3). As to count 4, jurors found that a principal personally and intentionally discharged a firearm, causing death (§ 12022.53, subds. (d) & (e)(1)); as to counts 5 and 6, that a principal personally and intentionally discharged a

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] Jose Alfredo Ruiz was charged with appellant. Their trials were severed and Ruiz's case is not before us on this appeal.

firearm (*id.*, subds. (c) & (e)(1)); and, as to counts 4 to 6, that the crime was committed for the benefit of or in association with a criminal street gang (§ 186.22, subd. (b)). Appellant was sentenced to prison for an aggregate term of 18 years four months, plus 25 years to life. The People elected not to seek retrial on the unresolved lesser included offenses of count 1, or on counts 2 and 3, and those counts were dismissed.

Appellant filed a timely notice of appeal, and now raises various claims of error. In the published portion of this opinion, we will reject his claim the trial court misinstructed the jury by omitting the mental state element with respect to section 12034, subdivision (c). In the unpublished portion, we will reject his other claims of instructional error and his challenges to the insufficiency of the evidence and his sentence.

## FACTS[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

## I

### JURY INSTRUCTIONS

#### A. *Mental State Requirement*

Appellant was the driver of the vehicle from which the shots were fired. Ruiz, his passenger, was the actual shooter. All three victims, who were on foot, were within about a car's length of the vehicle when it stopped upon passing them. One, Lorenzo Leon, approached the passenger window and asked appellant and Ruiz what was going on. Appellant testified that, although he knew Ruiz had a gun, he did not know he intended to shoot at anyone. In fact, when Ruiz turned to him and asked whether he should "book" (shoot) Leon, whom Ruiz suspected of involvement in an earlier shooting, appellant told him not to. When Ruiz turned back around and appellant realized he was going to shoot, appellant thought he would shoot up in the air. Instead, Ruiz fired multiple rounds, one of which struck Leon in the chest, killing him. Leon's two companions escaped unharmed.

Appellant was tried as an aider and abettor. With respect to counts 4, 5, and 6, jurors were instructed, pursuant to CALCRIM No. 968: "To prove that the defendant is guilty of this crime, . . . the People must prove that, one, Jose

---

[*]See footnote, *ante*, page 1494.

Ruiz willfully and maliciously shot a firearm from a motor vehicle; two, Jose Ruiz shot the firearm at another person who was not in a motor vehicle; and, three, the defendant aided and abetted commission of that crime." Jurors were further instructed: "Someone commits an act willfully when he does it willingly or on purpose. [¶] Someone acts maliciously when he intentionally does a wrongful act or when he acts with a wrongful intent to disturb, annoy or injure someone." Jurors also were told that violation of section 12034, subdivision (c) was a general intent crime.

Appellant now says that, because a greater punishment is imposed on those who shoot from a car at another person in violation of subdivision (c) of section 12034, as opposed to those who merely shoot from a car in violation of subdivision (d) of the statute, the intent to fire at another person is an element of the offense of which appellant was convicted in counts 4, 5, and 6. Accordingly, appellant argues the prosecution was required to prove that appellant aided Ruiz with an intent to shoot at another person; however, the instructions as given allowed the jury to convict if it found Ruiz in fact fired at another person, appellant knew Ruiz intended to fire a gun from the car, and appellant aided in the commission of the crime. Thus, appellant asserts the jury could have convicted him without ever finding he knew Ruiz actually intended to shoot at another person and shared that intent. Because appellant at most believed Ruiz was going to shoot up in the air, the argument runs, the instructions removed a disputed element from the jury's consideration and require reversal. We find no error.

■ "The law imposes on a trial court the sua sponte duty to properly instruct the jury on the relevant law and, as such, requires the giving of a correct instruction regarding the intent necessary to commit the offense and the union between that intent and the defendant's act or conduct. [Citations.]" (*People v. Alvarado* (2005) 125 Cal.App.4th 1179, 1185 [23 Cal.Rptr.3d 391].) We independently assess whether instructions correctly state the law (*People v. Posey* (2004) 32 Cal.4th 193, 218 [8 Cal.Rptr.3d 551, 82 P.3d 755]), keeping in mind that "the correctness of jury instructions is to be determined from the entire charge of the court, not from a consideration of parts of an instruction or from a particular instruction. [Citations.] '[T]he fact that the necessary elements of a jury charge are to be found in two instructions rather than in one instruction does not, in itself, make the charge prejudicial.' [Citation.] 'The absence of an essential element in one instruction may be supplied by another or cured in light of the instructions as a whole.' [Citation.]" (*People v. Burgener* (1986) 41 Cal.3d 505, 538–539 [224 Cal.Rptr. 112, 714 P.2d 1251], disapproved on other grounds in *People v. Reyes* (1998) 19 Cal.4th 743, 756 [80 Cal.Rptr.2d 734, 968 P.2d 445].)

■ We first determine the mental state required for the actual perpetrator. "The actual perpetrator must have whatever mental state is required for [the]

crime charged . . . ." (*People v. Mendoza* (1998) 18 Cal.4th 1114, 1123 [77 Cal.Rptr.2d 428, 959 P.2d 735].) It appears to us that appellant is seeking to impose some sort of specific intent requirement on those who violate section 12034, subdivision (c) as direct perpetrators. This is not the law.

■ Section 12034, subdivision (c) prescribes punishment for "[a]ny person who willfully and maliciously discharges a firearm from a motor vehicle at another person other than an occupant of a motor vehicle . . . ." "Conviction under a statute proscribing conduct done 'willfully and maliciously' *does not require proof of a specific intent.* [Citation.]" (*People v. Licas* (2007) 41 Cal.4th 362, 366 [60 Cal.Rptr.3d 31, 159 P.3d 507], italics added [discussing whether assault with a firearm, a violation of § 245, subd. (a)(2), is a lesser included offense of § 12034, subd. (c)]; see *People v. Atkins* (2001) 25 Cal.4th 76, 85–86 [104 Cal.Rptr.2d 738, 18 P.3d 660]; *People v. Alvarado, supra*, 125 Cal.App.4th at p. 1188.) "When the definition of a crime consists of only the description of a particular act, without reference to intent to do a further act or achieve a future consequence, we ask whether the defendant intended to do the proscribed act. This intent is deemed to be a general criminal intent. . . . The only intent required for a general intent offense is the purpose or willingness to do the act or omission. [Citation.]" (*People v. Verlinde* (2002) 100 Cal.App.4th 1146, 1166–1167 [123 Cal.Rptr.2d 322].)

The fact subdivision (c) of section 12034 requires that the perpetrator shoot "at" a particular target does not transform the crime into a specific intent offense. Cases construing section 246, which prohibits "maliciously and willfully discharg[ing] a firearm at an inhabited dwelling house" or other specified targets, are instructive. The crime proscribed by section 246 is analogous to that proscribed by section 12034, subdivision (c), which was patterned on section 246. (*People v. Licas, supra*, 41 Cal.4th at pp. 367–368 & fn. 2.)

■ It is settled that a violation of section 246 is a general intent crime. (*People v. Ramirez* (2009) 45 Cal.4th 980, 985, fn. 6 [89 Cal.Rptr.3d 586, 201 P.3d 466]; *People v. Overman* (2005) 126 Cal.App.4th 1344, 1356 [24 Cal.Rptr.3d 798] (*Overman*); *People v. Watie* (2002) 100 Cal.App.4th 866, 879 [124 Cal.Rptr.2d 258].) ■ " 'As for all general intent crimes, the question is whether the defendant intended to do the proscribed act.' [Citation.] 'In other words, it is sufficient for a conviction if the defendant intentionally did that which the law declares to be a crime.' [Citation.]" (*Overman, supra*, 126 Cal.App.4th at p. 1356.)

In *Overman*, the defense to a section 246 charge was that the defendant did not shoot "at" anything or anyone, but instead merely discharged his gun into the air. (*Overman, supra*, 126 Cal.App.4th at p. 1354.) The Court of Appeal

noted that "[i]n the words of the statute, section 246 is violated when a defendant intentionally discharges a firearm 'at . . . [an] inhabited dwelling house [or] occupied building . . . .' " (*Overman*, at p. 1356.) The court rejected the argument that the trial court should have instructed jurors that the statute's "intent" element is satisfied only if a defendant shoots directly "at" one of the listed targets. (*Id.* at p. 1355.) In so doing, the court reviewed the opinion in *People v. Chavira* (1970) 3 Cal.App.3d 988, 992–993 [83 Cal.Rptr. 851], in which the defendant unsuccessfully argued the evidence was insufficient to support his section 246 conviction, because he did not fire several shots "at" a dwelling, but rather "at" the people congregated in front of the building. The *Overman* court concluded: "As *Chavira* demonstrates, section 246 is not limited to the act of shooting directly 'at' an inhabited or occupied target. Rather, the act of shooting 'at' a proscribed target is also committed when the defendant shoots in such close proximity to the target that he shows a conscious indifference to the probable consequence that one or more bullets will strike the target or persons in or around it. The defendant's conscious indifference to the probability that a shooting will achieve a particular result is inferred from the nature and circumstances of his act." (*Overman*, *supra*, 126 Cal.App.4th at pp. 1356–1357, fn. omitted.) The court also concluded: "Section 246 does not require a specific intent ' "to do a further act or achieve a future consequence" ' beyond the proscribed act of shooting 'at' an occupied building or other proscribed target. [Citation.] In other words, the statute does not require a specific intent to achieve a particular result (e.g., strike an inhabited or occupied target, kill or injure). [Citation.] Instead, the statute only requires a shooting under facts or circumstances that indicate a conscious disregard for the probability that one of these results will occur." (*Overman*, at p. 1357, fn. omitted.)

The elements of a violation of section 246 are "(1) acting willfully and maliciously, and (2) shooting at an inhabited house. [Citation.]" (*People v. Ramirez*, *supra*, 45 Cal.4th at p. 985, fn. omitted, citing CALCRIM No. 965.) It follows that the elements of a violation of section 12034, subdivision (c) are (1) acting willfully and maliciously, and (2) shooting from a motor vehicle at a person outside a motor vehicle. CALCRIM No. 968 informed the jury of these elements. The necessary intent of the shooter was conveyed through the requirement that the firearm must have been discharged willfully and maliciously, terms that were defined for the jury.

■ As previously noted, appellant was tried as an aider and abettor. An aider and abettor "must 'act with knowledge of the criminal purpose of the perpetrator *and* with an intent or purpose either of committing, or of encouraging or facilitating commission of, the offense.' [Citation.] The jury must find 'the intent to encourage and bring about conduct that is criminal, not the specific intent that is an element of the target offense . . . .' [Citations.]" (*People v. Mendoza*, *supra*, 18 Cal.4th at p. 1123; see *People v.*

*Beeman* (1984) 35 Cal.3d 547, 560 [199 Cal.Rptr. 60, 674 P.2d 1318].) In order for aiding and abetting liability to attach, the intent to render aid must be formed prior to or during commission of the offense. (*People v. Cooper* (1991) 53 Cal.3d 1158, 1164 [282 Cal.Rptr. 450, 811 P.2d 742].)

Pursuant to CALCRIM No. 401, appellant's jury was instructed in part: "To prove that the defendant is guilty of a crime based on aiding and abetting that crime, the People must prove four things: [¶] One, the perpetrator committed the crime; two, the defendant knew that the perpetrator intended to commit the crime; three, before or during the commission of the crime, the defendant intended to aid and abet the perpetrator in committing the crime; and, four, the defendant's words or conduct did, in fact, aid and abet the perpetrator's commission of the crime. [¶] Someone aids and abets a crime if he knows of the perpetrator's unlawful purpose and he specifically intends to and does, in fact, aid, facilitate, promote, encourage or instigate the perpetrator's commission of that crime."

■ Appellant does not contend the instructions on aiding and abetting incorrectly conveyed the requisite mental state of an aider and abettor; in fact, he concedes they were adequate. Jurors were instructed that to convict appellant of violating section 12034, subdivision (c), they had to find, inter alia, that he aided and abetted commission of that crime. That the mental state requirement for aiding and abetting was not repeated in conjunction with CALCRIM No. 968 is immaterial, as jurors were also told to consider the instructions together. ■ It is axiomatic that "[j]urors are presumed able to understand and correlate instructions and are further presumed to have followed the court's instructions. [Citation.]" (*People v. Sanchez* (2001) 26 Cal.4th 834, 852 [111 Cal.Rptr.2d 129, 29 P.3d 209].) There was no error.[14]

B., C.*

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

---

[14] Appellant points to the prosecutor's argument, in which she stated: "Now we move on to Counts 4, 5 and 6, the . . . shooting from the vehicle at the three; must prove that Jose willfully and maliciously shot a firearm from the Thunderbird. [¶] We know that . . . Jose Ruiz shot the firearm at another person who was not in a motor vehicle, and that's been applied to each separate count . . . , and that the defendant aided and abetted the commission of this crime, shooting from a motor vehicle. [¶] . . . [T]he evidence that supports those, Counts 4, 5 and 6, *the fact that he knew at the very least he was gonna shoot up in the air, shooting up in the air, shooting from a motor vehicle, 4, 5 and 6, guilty on 4, 5 and 6 from his words . . . .*" (Italics added.) We are not convinced the prosecutor misstated the law. Assuming she did, however, appellant did not object; moreover, jurors were told to follow the court's instructions if they conflicted with what the attorneys said.

*See footnote, *ante*, page 1494.

## II, III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed.

Dawson, J., and Kane, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 9, 2010, S181312.

---

*See footnote, *ante*, page 1494.