Filed 7/25/24

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　　　v.<br><br>DANIEL HERNANDEZ,<br><br>　　　Defendant and Appellant. | F086665<br><br>(Super. Ct. No. VCF170418A)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Tulare County.  Antonio Reyes, Judge.

Matthew Aaron Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

In 2008, a jury convicted defendant Daniel Hernandez of multiple counts of discharging a firearm from a motor vehicle at another person (Pen. Code, former § 12034, subd. (c); counts 4, 5 & 6), but acquitted him of murder (§ 187, subd. (a); count

1) and deadlocked on two attempted murder charges (§§ 664, 187, subd. (a); counts 2 & 3), which were not retried.  (Undesignated statutory references are to the Penal Code.)  It found true allegations a principal personally and intentionally discharged a firearm causing death during the commission of count 4 (§ 12022.53, subds. (d), (e)(1)); a principal personally discharged a firearm during the commission of counts 5 and 6 (§ 12022.53, subds. (c), (e)(1)); and counts 4, 5, and 6 were committed for the benefit of or in association with a criminal street gang (§ 186.22, subd. (b)).

In August 2022, defendant filed a form petition for resentencing pursuant to former section 1170.95 (now § 1172.6),[1] asserting in part that he was "convicted of murder, attempted murder, or manslaughter following a trial," and he "could not presently be convicted of murder or attempted murder because of changes made to Penal Code §§ 188 and 189."  The trial court heard and denied his petition in April 2023, concluding defendant had not been convicted of murder, attempted murder, or manslaughter.

Defendant filed another form petition for resentencing pursuant to section 1172.6 on July 11, 2023, which the court denied that same day in an order stating, "petition heard and denied on 4-27-23."  Defendant appeals from the court's July 11, 2023, order.

On appeal, defendant does not challenge the court's denial of his petition for failing to establish a prima facie case for relief.  Instead, for the first time ever, defendant challenges his original sentence, arguing it was unauthorized because the court imposed and executed a full-term consecutive sentence rather than one-third of the middle term for the subordinate term in violation of section 1170.1, subdivision (a).  He asks us to remand the matter for the court to designate a principal term and to proceed with a full resentencing that includes sentencing defendant under section 1170.1 on the remaining

---

[1]Effective June 30, 2022, Assembly Bill No. 200 (2021–2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6.  (Stats. 2022, ch. 58, § 10.)  For clarity, all subsequent references are to section 1172.6.

counts and enhancements. The People respond the trial court had no jurisdiction to consider defendant's claim. Rather, because the court denied defendant's section 1172.6 petition, it lacked jurisdiction to modify the sentence. Nevertheless, they agree the imposed sentence was unauthorized but argue the court must have jurisdiction over the judgment at issue in order to correct it.

We conclude jurisdiction to consider the unauthorized sentence claim is lacking in this appeal. Because defendant does not challenge the appealed-from order denying his petition for resentencing under section 1172.6, we dismiss the appeal in its entirety.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with murder committed by an active participant in a criminal street gang and carried out to further the activities of the gang, and perpetrated by means of discharging a firearm from a motor vehicle (§§ 187, subd. (a), 190.2, subd. (a)(21), (22); count 1), attempted premeditated murder (§§ 664, 187, subd. (a); counts 2 & 3), and discharging a firearm from a motor vehicle at another person (former § 12034, subd. (c)). In 2008, a jury convicted him of multiple counts of discharging a firearm from a motor vehicle at another person (counts 4, 5 & 6), but acquitted him of murder (count 1) and deadlocked on the attempted murder charges (counts 2 & 3), which were not retried. It found true allegations a principal personally and intentionally discharged a firearm causing death during the commission of count 4 (§ 12022.53, subds. (d), (e)(1)); a principal personally discharged a firearm during the commission of counts 5 and 6 (§ 12022.53, subds. (c), (e)(1)); and counts 4, 5, and 6 were committed for the benefit of or in association with a criminal street gang (§ 186.22, subd. (b)).

The court sentenced defendant to the middle term of five years on count 4 plus 25 years to life for the section 12022.53, subdivision (d) firearm enhancement; the middle term of five years on count 5 plus five years for the section 186.22, subdivision (b)(1)(C) enhancement; and one year eight months (one-third the middle term) on count 6 plus one

3.

year eight months (one-third the middle term) for the section 186.22, subdivision (b)(1)(C) enhancement.

Defendant appealed and the judgment was affirmed on February 18, 2010, in *People v. Hernandez* (2010) 181 Cal.App.4th 1494. On our own motion, we take judicial notice of our prior partially published opinion in *People v. Hernandez* (Feb. 18, 2010, F056015) and the record in that case. (Evid. Code, §§ 452, subd. (d), 459.) In that appeal, we rejected defendant's claims of instructional error, his challenges to the sufficiency of the evidence in support of his convictions, his contention his due process rights were violated during sentencing because he was unable to make a statement without being subject to cross-examination, and his argument that his sentence constituted cruel and unusual punishment under the state and federal Constitutions. Notably, defendant did not allege the sentence was unauthorized in that appeal, and the alleged unauthorized sentence was not otherwise considered at that time.

In August 2022, defendant filed a form petition for resentencing pursuant to section 1172.6 asserting in part he was "convicted of murder, attempted murder, or manslaughter following a trial," and he "could not presently be convicted of murder or attempted murder because of changes made to Penal Code §§ 188 and 189." Defendant filed another identical form petition for resentencing under section 1172.6 on March 1, 2023. On March 3, 2023, the People filed an "Opposition to Application of Penal Code Sections 1170.95/1172.6," asserting defendant was ineligible for relief as a matter of law because he was found guilty of shooting from a motor vehicle, not murder, attempted murder, or manslaughter. The trial court heard and denied defendant's section 1172.6 petition on April 27, 2023, concluding defendant had not been convicted of murder, manslaughter, or attempted murder.

Defendant filed another form petition for resentencing pursuant to section 1172.6 on July 11, 2023, which the court denied that same day in an order stating, "petition heard and denied on 4-27-23." The trial court sent defendant a letter dated July 17, 2023,

4.

that stated it reviewed his letter dated July 11, 2023, "and makes the following orders: [¶] … [¶] Your request has been DENIED."[2]  Defendant appeals from the court's July 11, 2023, order.

## DISCUSSION

Despite filing a notice of appeal from the July 11, 2023, order on his section 1172.6 petition for resentencing, defendant does not challenge the validity of the court's denial of his section 1172.6 petition.  Defendant instead contends the matter should be remanded for resentencing because his original sentence was unauthorized (in violation of § 1170.1, subd. (a)) because the court imposed and executed a full-term consecutive sentence rather than one-third of the middle term for the subordinate term.  He asserts the trial court must look at the sentence of the base term, not an enhancement, to decide whether a term of imprisonment is determinate or indeterminate—citing *People v. Montes* (2003) 31 Cal.4th 350[3] for the proposition the indeterminate enhancement did not merge with the determinate offense in count 4 to make the entire term encompassed by the indeterminate sentencing law.  And here, the sentences for all the base terms are

---

[2]In the appellate record, after defendant's July 2023 petition, there is an undated letter from defendant to the court in which he states he "filed a 1437 felony murder petition with this letter" and "[i]f my petition is denied or filled incorrect can you please notify and tell me why?"

[3]In *People v. Montes*, *supra*, 31 Cal.4th 350, the defendant was convicted of attempted murder, with true findings as to allegations he intentionally discharged a firearm during the commission of the offense (§§ 12022.5, 12022.53, subds. (b), (c)), inflicted great bodily injury (§§ 12022.7, 12022.53, subd. (d)), committed the crime for the benefit of a criminal street gang (§ 186.22, subd. (b)) and that he participated in a criminal street gang (§ 186.22, subd. (a)). (*Montes*, at pp. 352–353.)  The defendant was sentenced to a term of seven years for the attempted murder, a consecutive term of 10 years for the gang enhancement, and a consecutive term of 25 years to life for the section 12022.53, subdivision (d) firearm enhancement.  (31 Cal.4th at p. 353.)  The *Montes* court held the statute providing that a defendant who commits a felony punishable by life imprisonment for the benefit of a criminal street gang shall not be paroled until a minimum of 15 calendar years have been served (§ 186.22, subd. (b)(5)) is limited to those crimes where the underlying felony itself (rather than an enhancement) provides for a term of life imprisonment.  (*Montes*, *supra*, at pp. 353, 358–361.)

5.

determinate and subject to section 1170.1.[4]  He asks us to remand the matter for the court to designate a principal term and to proceed with a full resentencing that includes sentencing defendant under section 1170.1 on the remaining counts and enhancements. He contends we cannot simply correct the unauthorized portion of the sentence because there are multiple counts and discretionary decisions at play that the trial court should be entitled to consider.  He further asserts the instant appeal renders the judgment not final and, at resentencing, the court should consider ameliorative legislation:  specifically, the changes to section 1170 that favor imposition of a lower term sentence when certain criteria are present, such as youth.  He also asserts the court should strike enhancements beyond a single enhancement in furtherance of justice pursuant to amended section 1385, subdivision (c)(2).

The People respond the trial court has no jurisdiction to consider defendant's claim.  Rather, because the court denied defendant's section 1172.6 petition, it lacked jurisdiction to modify the sentence.  Nevertheless, they agree the imposed sentence was unauthorized but argue the court must have jurisdiction over the judgment at issue in order to correct it.  They also contend defendant appeals from the denial of his July 2023 petition, which was substantially identical to a previously denied petition for which the time to appeal has long passed.  They assert defendant's contention regarding an unauthorized sentence is wholly unrelated to the denial of his section 1172.6 petition for resentencing, could not have been raised as part of the proceeding below, and cannot now be raised on appeal.  We agree with the People that defendant's claim challenging his original sentence is not cognizable in this appeal for lack of jurisdiction.

_____

[4]Section 1170.1, subdivision (a) provides in relevant part:  "The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. *The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses.…*"  (Italics added.)

## I. Applicable Law

"'As a general rule, a criminal defendant who fails to object at trial to a purportedly erroneous ruling forfeits the right to challenge that ruling on appeal.' (*People v. Anderson* (2020) 9 Cal.5th 946, 961.) But there is an exception to this rule for an unauthorized sentence …. (*In re G.C.* (2020) 8 Cal.5th 1119, 1130 (*G.C.*).) 'The unauthorized sentence doctrine is designed to provide relief from forfeiture for "obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings." [Citation.] It applies when the trial court has imposed a sentence that "could not lawfully be imposed under any circumstance in the particular case."' (*Anderson*, at p. 962.)" (*People v. Moore* (2021) 68 Cal.App.5th 856, 865 (*Moore*).) "By permitting a defendant to challenge an unauthorized sentence on appeal even in the absence of an objection below, the unauthorized sentence rule constitutes a narrow exception to the *forfeiture doctrine* (*In re Sheena K.* (2007) 40 Cal.4th 875, 886–887), '"not to the *jurisdictional* requirement of a timely notice of appeal"' or other means of properly challenging the judgment of conviction. (*G.C.*, *supra*, 8 Cal.5th at p. 1129.) In order to invoke the unauthorized sentence rule in the first instance, our Supreme Court has held the reviewing court 'must have jurisdiction over the judgment.' (*G.C.*, at p. 1130.)" (*Moore*, *supra*, at p. 865; accord, *People v. King* (2022) 77 Cal.App.5th 629, 637 (*King*).) The unauthorized sentence doctrine does not itself create jurisdiction for an appellate court to rule on the legality of a sentence. (*King*, at pp. 636–637; see *Moore*, *supra*, at p. 866.)

Where, as here, execution of sentence has commenced and the judgment is final, the trial court is generally "deprived of jurisdiction to resentence" a criminal defendant. (*People v. Karaman* (1992) 4 Cal.4th 335, 344 (*Karaman*), citing *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455; accord, *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326.) To obtain resentencing on a final judgment, a defendant must file a petition for writ

of habeas corpus (*G.C.*, *supra*, 8 Cal.5th at p. 1130), or proceed by way of a special statutory procedure (e.g., §§ 1170.18, 1170.91, 1172.1, 1172.2, 1172.6, 1172.7, 1172.75).

In *G.C.*, *supra*, 8 Cal.5th 1119, G.C. attempted to challenge the juvenile court's failure to declare her "wobbler" offenses to be either a misdemeanor or felony as required by Welfare and Institutions Code section 702. (*G.C.*, *supra*, at pp. 1122, 1124.) G.C. did not appeal from that dispositional order before the time to appeal expired. (*Id*. at p. 1124.) Rather, G.C. filed a notice of appeal from a subsequent dispositional order issued after the matter was transferred and a dispositional hearing was held challenging "'Gang Probation Conditions and Electronic Search Conditions (of minor's cellphone, computer, and social medial sites).'" (*Ibid*.) The California Supreme Court held G.C. could not challenge the final dispositional order through an appeal from a later order. (*Id*. at pp. 1127–1128.) The Supreme Court rejected the argument that the juvenile court's failure to comply with the mandatory provisions of Welfare and Institutions Code section 702 created an unauthorized sentence that was correctable at any time. (*G.C.*, at pp. 1129–1130.) Furthermore, it explained, to invoke the unauthorized sentence exception to the waiver doctrine, the court must have jurisdiction over the judgment. (*Id.* at p. 1130.) And "there was no correlation between the [Welfare and Institutions Code] section 702 error and the current judgment on appeal"; "[t]he unauthorized sentence doctrine [would] not serve to remedy this defect." (*G.C.*, at p. 1130.)

In *Moore*, *supra*, 68 Cal.App.5th 856, Division Two of the Second Appellate District relied on *G.C.* in concluding the unauthorized sentence doctrine did not create appellate jurisdiction to consider the defendant's challenge to a sentencing enhancement. (*Moore*, at p. 865.) The defendant in *Moore* appealed from the trial court's denial of his petition for a youth offender evidence preservation proceeding under *People v. Franklin* (2016) 63 Cal.4th 261. (See *Moore*, at p. 860.) For the first time in that appeal, and more than 20 years after the judgment of conviction had become final, the defendant in *Moore* claimed, in part, that his five-year enhancement under section 667, subdivision (a) was

unauthorized because the prosecution allegedly failed to comply with the pleading and proof requirements of section 1170.1, subdivision (e). (*Moore*, at pp. 865–866.) The claim was "[w]holly unrelated" to the trial court's ruling on the *Franklin* hearing that was the subject of the appeal. (68 Cal.App.5th at p. 865.) The *Moore* court concluded the trial court's denial of a *Franklin* hearing therefore "did not confer jurisdiction on this court over the judgment," and the court could not consider the legality of the sentence. (*Ibid.*; see *id.* at pp. 865–866.)

In *People v. King*, *supra*, 77 Cal.App.5th 629, the defendant moved in 2021 to vacate his 105-year sentence arising from his 1986 convictions. (*Id.* at p. 633.) He asserted the sentence was unauthorized because the court sentenced him, in part, to a six-year middle term on counts for forcible rape with true in-concert findings, though the triad for that crime is five, seven or nine years. (*Ibid.*) The trial court denied the motion, erroneously concluding the original sentence was correct. (*Ibid.*) On appeal, the *King* court held the trial court lacked jurisdiction to entertain the motion to vacate and, relatedly, the *King* court lacked appellate jurisdiction to entertain the appeal. (*Ibid.*) Relying on *G.C.*, *supra*, 8 Cal.5th 1119, *King* explained, "the 'unauthorized sentence' rule is an exception to the waiver doctrine, not to the requirement that a court must have jurisdiction before it may act." (*King*, *supra*, at p. 635.) Thus, although "[s]uch a sentence may be challenged at any time, even after a judgment of conviction has become final, and even if the judgment has already been affirmed on appeal," "'to invoke this rule the court must have jurisdiction over the judgment.'" (*Ibid.*) And, "the unauthorized sentence doctrine does not itself create jurisdiction for a trial court to rule on an incarcerated defendant's motion to correct an alleged illegal sentence after the conviction is final and after the execution of the sentence has begun." (*Id.* at pp. 641–642.) Therefore, because the defendant's "freestanding motion" was "not a proper procedural mechanism to seek relief," the *King* court dismissed the appeal while also noting that a

9.

"defendant who is serving a longer sentence than the law allows may challenge the sentence in a petition for a writ of habeas corpus." (*King*, *supra*, at p. 640.)

However, in *People v. Codinha* (2023) 92 Cal.App.5th 976 (*Codinha*), Division One of the Fourth Appellate District disagreed with *King*. (*Codinha*, at pp. 992–993.) There, the trial court modified a sentence after receiving a letter from the Department of Corrections and Rehabilitation informing the trial court it had erroneously imposed a concurrent term on a count on which the law required a consecutive term. (*Id.* at pp. 982–983.) On the defendant's appeal, one issue considered by the court was whether the trial court had authority to modify a final judgment in response to such a letter. (*Id.* at pp. 983–984.) Disagreeing with *King*, the court held: "A trial court that imposes a sentence unauthorized by law retains jurisdiction (or has inherent power) to correct the sentence at any time the error comes to its attention, even if execution of the sentence has commenced or the judgment imposing the sentence has become final and correction requires imposition of a more severe sentence, provided the error is apparent from the face of the record." (*Codinha*, at p. 990.) The *Codinha* court concluded the trial court imposed a legally unauthorized sentenced that was "illegal" and "void" by ordering the sentence on count 3 to run concurrently with, rather than consecutive to, the sentence on count 1. (*Id.* at p. 991.) And the error was apparent from an examination of the judgment, therefore, the trial court had jurisdiction to vacate the void portion of the judgment and impose a sentence authorized by law when the error came to its attention. (*Ibid.*)

The *Codinha* court stated *G.C.* does "not support the broad pronouncement in *King* … that a trial court has no jurisdiction to rule on a motion challenging an unauthorized sentence once execution has begun." (*Codinha*, at p. 993.) Rather, "[t]he jurisdiction at issue in *G.C.* was that of the appellate court, not that of the juvenile court that made the challenged dispositional order. The Supreme Court did not consider whether a trial court in an adult criminal proceeding has jurisdiction to correct its own

10.

unauthorized sentence whenever the error comes to its attention." (*Ibid.*) "Thus, in our view the line of Supreme Court cases recognizing an unauthorized sentence is a void judgment that may be vacated or corrected whenever it is brought to the trial court's attention, even after execution of the invalid sentence has begun or the judgment has become final [citations], remains valid and authorized the trial court to modify Codinha's sentence in response to the Department [of Corrections and Rehabilitation]'s letter." (92 Cal.App.5th at p. 993.)

In *People v. Boyd* (2024) 103 Cal.App.5th 56, Division Two of the Fourth Appellate District declined to follow *Codinha* for two reasons. (*Boyd*, at p. 67.) First, it reasoned, although *G.C.* "may not have expressly considered whether a trial court always has jurisdiction to correct unauthorized sentences, it explained the unauthorized sentence doctrine as '"an exception to the *waiver doctrine*."'" (*In re G.C.*, *supra*, 8 Cal.5th at p. 1129.) The court has stated the same in other cases, thus suggesting its limited nature. [Citations.] That means the doctrine provides a reason for a court to reach the merits of a claim where it might not otherwise." (*Boyd*, *supra*, at p. 67.) Second, the *Boyd* court stated it declined to follow *Codinha* because "the line of Supreme Court cases it cites do not actually hold anything contrary to *King*." (*Boyd*, at p. 67.) The *Boyd* court explained none of the cases cited by *Codinha* established jurisdiction based on the unauthorized sentence doctrine. (*Boyd*, at p. 67.) It noted *G.C.* "was an appeal from a dispositional order in a juvenile delinquency proceeding. [Citation.] *Karaman* presented the question of whether a trial court still maintains 'jurisdiction over a defendant, and the power to modify the defendant's sentence in a manner more favorable to the defendant, where the court has imposed a state prison sentence, has ordered a brief stay of execution of judgment in order to permit the defendant to put his or her personal affairs in order prior to commencement of execution of the sentence, and the clerk of the court has entered that sentence in the minutes of the court.' (*Karaman*, *supra*, 4 Cal.4th at pp. 338–339.) In *Serrato*, the appeal was from an 'order granting probation, such an order being a

11.

judgment for the purpose of appeal.' ([*People v.* ]*Serrato* [(1973)] 9 Cal.3d [753,] 756.) And *In re Sandel* (1966) 64 Cal.2d 412 involved a petition for a writ of habeas corpus. (*Id*. at p. 413.)" (103 Cal.App.5th at p. 67.) "None of those cases hold that trial courts can act to correct unauthorized (or unlawful or invalid) sentences outside of a habeas petition or some other posture where they independently have jurisdiction to do so. [Citations.]" (*Id*. at p. 68.) And, "the availability of habeas relief to correct unauthorized sentences suggests that trial courts do *not* have inherent jurisdiction to correct such sentences, as habeas relief would be superfluous if a freestanding trial court motion could at any time achieve the same result without procedural limitations that habeas law imposes." (*Ibid*.)

## II. Analysis

Defendant appeals from the order denying his July 2023 petition for recall and resentencing pursuant to section 1172.6. As discussed, he does not challenge the validity of the court's denial of his petition. Instead, defendant argues an unrelated claim: that his original sentence was unauthorized under section 1170.1. As explained *post*, we conclude we lack jurisdiction to hear this claim, and dismissal of the appeal is the appropriate disposition given no cognizable claim is actually made in this appeal.

Initially, we note section 1172.6 confers limited, specified jurisdiction on a trial court. (See *People v. Lara* (2010) 48 Cal.4th 216, 224–225 ["'"a court may have jurisdiction in the strict sense but nevertheless lack '"jurisdiction" (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites.' [Citation.] When a court fails to conduct itself in the manner prescribed, it is said to have acted in *excess* of jurisdiction"'"]; accord, *Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 288 ["[T]hough the court has jurisdiction over the subject matter and the parties in the fundamental sense, it [may not have] 'jurisdiction' (or power) to act except in a particular manner, or to give

12.

certain kinds of relief, or to act without the occurrence of certain procedural prerequisites"].)  That is, pursuant to section 1172.6, subdivision (c) the trial court must determine whether a defendant has made a prima facie showing that he or she was convicted of murder, attempted murder, or manslaughter under a now invalid theory of liability, such as the felony-murder rule or the natural and probable consequences doctrine.  And where, as here, no prima facie showing is made pursuant to section 1172.6 because the record of conviction refutes the allegations in the defendant's petition as a matter of law, the court can do nothing but deny the petition and issue a statement setting forth its reasons for doing so.  (§ 1172.6, subd. (c).)  Said differently, the limited jurisdiction afforded by section 1172.6 does not provide the trial court broad jurisdiction to correct alleged errors in the original judgment on alternative grounds.  (See *People v. Strong* (2022) 13 Cal.5th 698, 713 [nothing in findings accompanying enactment of Senate Bill No. 1437 (2017–2018 Reg. Sess.) evince a concern "with correcting errors in past factfinding"]; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 ["Under section [1172.6], [a defendant] is entitled to resentencing only if he is able to make a prima facie showing that he 'could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019'"]; *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["The mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error"].)  Thus, there is no jurisdictional basis provided in section 1172.6 for the trial court to correct an alleged unauthorized judgment.  And we, too, lack jurisdiction to review this claim.  As in *G.C.*, defendant's claim here is "wholly unrelated" to the subject of his appeal—his section 1172.6 petition—and "[t]he unauthorized sentence doctrine [does] not serve to remedy this defect."  (*G.C.*, *supra*, 8 Cal.5th at p. 1130.)

Nevertheless, defendant asks us to follow the court's holding in *Codinha*, instead of *King*, to conclude, because his original sentence was unauthorized, the trial court has

jurisdiction to remedy it at any time, even after execution of the invalid sentence has begun or the judgment has become final.  We decline to do so.

First, we agree with the *Boyd* court's reasoning:  the availability of habeas corpus relief to correct an unauthorized sentence suggests trial courts and, for that matter, appellate courts, do *not* have inherent jurisdiction to correct unauthorized sentences where judgment is final and execution of sentence has begun.  Habeas corpus relief would be superfluous if a freestanding trial court motion or unrelated postjudgment appeal could at any time achieve the same result without the procedural limitations that habeas corpus law imposes.  We further agree the California Supreme Court cases cited by *Codinha* do not hold our courts have jurisdiction to correct an unauthorized sentence outside of a habeas corpus petition or some other posture where they independently have jurisdiction to do so.  Rather, as the California Supreme Court held in *G.C.*, "[a]n unauthorized sentence '"do[es] not become irremediable when a judgment of conviction becomes final, *even after affirmance on appeal*."'"  [Citations.]  But to invoke this rule the court must have jurisdiction over the [judgment]."  (*In re G.C.*, *supra*, 8 Cal.5th at p. 1130.)  Here, however, we lack jurisdiction over the original judgment.  Thus, this claim must be rejected for lack of jurisdiction.

Furthermore, we note the *Codinha* case involved appellate review of the *trial court*'s exercise of jurisdiction in correcting a legally unauthorized sentence after execution of the sentence had begun and judgment had become final.  (*Codinha*, *supra*, 92 Cal.App.5th at p. 992.)  Indeed, *Codinha* distinguished *G.C.* in this regard, explaining *G.C.* involved a question of appellate jurisdiction rather than trial court jurisdiction.  (See *Codinha*, *supra*, at pp. 992–993 [concluding *G.C.* did not support pronouncement in *King* that *trial court* has no jurisdiction to rule on motion challenging an unauthorized sentence once execution has begun, noting "[t]he jurisdiction at issue in *G.C.* was that of the *appellate court*, not that of the juvenile court that made the challenged dispositional order" (italics added)].)  Thus, *Codinha* did not hold an appellate court has jurisdiction to

correct an unauthorized judgment that has long been final and when there is no correlation between the alleged error in a final judgment and the appeal of an unrelated trial court order. Of course, "cases are not authority for propositions not considered." (*People v. Brown* (2012) 54 Cal.4th 314, 330.)

Thus, for the reasons stated, defendant's claim may not be reviewed under the current appellate procedural posture. However, nothing in our opinion should be construed as limiting defendant's ability to raise this claim by way of writ of habeas corpus.

As in the Court of Appeal decision of *In re G.C.* (2018) 27 Cal.App.5th 110, 117 (affirmed on review in *G.C.*, *supra*, 8 Cal.5th at p. 1134), where no issue was presented pertaining to the matter appealed and the court lacked jurisdiction on the only unrelated issue raised, the appropriate disposition is dismissal of the appeal.

## DISPOSITION

The appeal is dismissed.

PEÑA, J.

WE CONCUR:

DETJEN, Acting P. J.

FRANSON, J.

15.